UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

JESSE WYNGAARD
on behalf of himself and all
others similarly situated,

      Plaintiff,                              Case No.: 19-cv-493

     v.

WOODMAN'S FOOD MARKET, INC.

      Defendant.

---

### PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION FOR CONDITIONAL CERTIFICATION AND AUTHORIZATION OF NOTICE TO SIMILARLY-SITUATED PERSONS PURSUANT TO 29 U.S.C. § 216(b)

---

NOW COMES Plaintiff, Jesse Wyngaard, by and through his counsel of record, Walcheske & Luzi, LLC, on behalf of himself and all others similarly situated, and as and for *Plaintiff's Reply Brief in Support of His Motion for Conditional Certification and Authorization of Notice to Similarly-Situated Persons Pursuant to 29 U.S.C. § 216(b),* presents the following for the Court's consideration.

### INTRODUCTION

At this stage of the proceedings (conditional certification), the Court is to apply a lenient standard to determine "whether the plaintiff has demonstrated a 'reasonable basis' for believing that she is similarly situated to potential class members." *Mitchell, v. Trilliant Food and Nutrition, LLC*, 2020 WL 1181945, at *2 (E.D. Wis. Mar. 12, 2020), *see also Adair v. Wisconsin Bell, Inc.,* 2008 WL 4224360, at * 3 (E.D. Wis. Sept. 11, 2008). To meet this requirement, a "court requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Jirak v. Abbott Labs, Inc.*, 566 F.Supp.2d 845, 848 (N.D. Ill. 2008).

Affidavits, declarations, deposition testimony, and other documents may be used to demonstrate a "factual nexus between the plaintiff and the proposed class or a common policy that affects all of the collective members." *Nehmelman v. Penn Nat'l Gaming, Inc.*, 822 F.Supp.2d 745, 750 (N.D. Ill. 2011); *see also Adair*, 2008 WL 4224360, at *8.

In support of his *Motion for Conditional Certification and Authorization of Notice to Similarly-Situated Persons Pursuant to 29 U.S.C. § 216(b)* (ECF No. 15) ("Motion"), Plaintiff has presented the Court with admissible evidence in the form of declarations, deposition testimony, and other documents which establishes Plaintiff's reasonable basis for believing that during all times relevant hereto, Defendant failed to compensate all of its hourly-paid, non-exempt Store Employees, including Plaintiff, for overtime hours worked by failing to compensate said employees for meal periods that do not qualify as *bona fide* meal periods in accordance with Wisconsin's Wage Payment and Collection Laws, WIS. STAT. §§ 109.01 *et seq.*, WIS. STAT. §§ 104.01 *et seq.*, WIS. STAT. §§ 103.001 *et seq.,* and WIS. ADMIN. CODE §§ DWD 274.01 *et seq*. (collectively "WWPCL") ("Meal Period Collective").

Furthermore, Plaintiff established his reasonable basis for believing that during all times relevant hereto, Defendant failed to compensate all hourly-paid, non-exempt Store Employees, including Plaintiff, at the proper, correct, and/or lawful overtime rate of pay by excluding all non-discretionary forms of compensation, such as Attendance Bonuses, Employee Appreciation Holiday Bonuses, and New Hire Bonuses, from their regular rates of pay despite the Fair Labor Standards Act ("FLSA") requirement that all non-discretionary forms of monetary compensation be included in Store Employees' regular rates of pay for overtime calculation and compensation purposes ("Non-Discretionary Compensation Collective"). 29 U.S.C. § 207(a)(1) and (e).

Accordingly, Plaintiff has met his burden at the conditional certification stage by demonstrating that he and all other hourly paid, non-exempt Store Employees may be subject to and victims of Defendant's alleged unlawful practices. *See, e.g., Jirak*, 566 F.Supp.2d at 848 (N.D. Ill. 2008); *see also Adair*, 2008 WL 4224360, at *3.

## ARGUMENT

**I.   THIS COURT SHOULD EVALUATE PLAINTIFF'S MOTION UNDER THE LENIENT STANDARD**

Defendant asks the Court to analyze Plaintiff's Motion under "an intermediate standard to conditional certification." (Defendant, Woodman's Foods, Inc., Brief in Opposition to Plaintiff's Motion for Conditional Certification and Authorization of Notice to Similarly-Situated Persons Pursuant to 29 U.S.C. § 216(b), ECF No. 21 ("Opp. Brf."), p. 10.) Defendant argues that because it has "provided significant discovery, especially with respect to the potential class members at issue," the intermediate standard is appropriate. (Opp. Brf., p. 11.) Defendant's argument is disingenuous.

Although the conditional certification stage is not a "mere formality," *Berndt v. Cleary Bldg. Corp.*, No. 11-CV-791-WMC, 2013 WL 3287599, at *7 (W.D. Wis. Jan. 25, 2013), the standard generally applied is "'fairly lenient': it does not involve adjudicating the merits of the claims, nor does it entail the kind of rigorous analysis typical of class certification under Fed. R. Civ. P. 23." *Fosbinder-Bittorf v. SSM Health Care of Wisconsin, Inc.*, No. 11-CV-592-WMC, 2013 WL 3287634, at * 4 (W.D. Wis. Mar. 21, 2013) (internal citations omitted).

Indeed, Defendant's argument here is not unlike those raised and rejected in *Bessy v. Per Mar Sec. & Research Corp.*[1] and *Freeman v. Total Sec. Mgmt.-Wisconsin, LLC*.[2] In *Bessy*, the

---

2.  No. 17-CV-034-WMC, 2018 WL 1583297 (W.D. Wis. Mar. 30, 2018).
3.  No. 12-CV-461-WMC, 2013 WL 4049542 (W.D. Wis. Aug. 9, 2013).

defendant argued that an intermediate standard was appropriate because it had "responded to discovery requests and ha[d] provided plaintiff with payroll records of 1,752 current and former security officers in Wisconsin, and un-redacted time sheets of all the employees who worked special events at the same time as the named plaintiffs." 2018 WL 1583297, at *3 (W.D. Wis. Mar. 30, 2018). The court refused to apply the intermediate standard, noting that cases applying the intermediate standard "involve instances where the plaintiff has had both the opportunity to depose the defendant *and* has received contact information for the putative class." *Id.* (emphasis added).

Similarly, in *Freeman* the court noted that an "intermediate standard may be appropriate when a court has expressly allowed discovery on the issue of whether the plaintiffs are similarly situated and the plaintiffs have been given access to a list of other potential members of the proposed class." 2013 WL 4049542, at *4 (W.D. Wis. Aug. 9, 2013) (internal citation omitted). However, much like this case, the plaintiffs in *Freeman* "have had limited discovery, deposing two of defendants' corporate representatives and some of defendants' employee witnesses," *id.*, and did not yet have "access to a list of fellow employees at other locations." *Id.* Accordingly, the court held that "an intermediate standard is inappropriate at this stage." *Id.*

More recently, this Division refused to impose the intermediate standard of review in *Paswaters v. Krones Inc.*, 2020 WL 419336, at *2 (E.D. Wis. Jan. 27, 2020). As Defendant's counsel is keenly aware, the court in *Paswaters* ruled that "[a]lthough some documents have been exchanged and three depositions have been taken, it does not appear that Krones has been forthcoming with material information about the potential collective sufficient to determine whether Paswaters is, in fact, similarly situated as the rest of the collective." *Id.*

Here, Plaintiff sought discovery related to *all* hourly-paid, non-exempt Store Employees (*see* Second Declaration of David M. Potteiger ("Potteiger Decl. II, Ex. 1, p. 6);

4

however, Defendant failed to produce the responsive information. (Potteiger Decl. II, ¶ 9.) Instead, Defendant objected to the scope of Plaintiff's requests and refused to disclose pertinent information or produce responsive documents of Store Employees other than Plaintiff, including contact information, because according to Defendant: "it would be unduly burdensome and take an unreasonable amount of time to fulfill this request as compared to the needs of the case at this precertification stage." (*See e.g.* Potteiger Decl. II, Ex. 1, p. 12.) This is the *exact objection* interposed by Defendant's counsel in *Paswaters* – which the court rejected when determining that the lenient standard should apply. (Potteiger Decl. II, ¶ 5.)

Although Defendant produced "raw punch reports of other supervisors, managers and assistant managers," (Potteiger Decl. II, ¶ 5), Defendant unilaterally reduced the scope of Plaintiff's requests and failed to provide information for all other Store Employees. (Potteiger Decl. II, ¶ 9.) Moreover, Defendant neither produced these documents on November 27, 2019, as claimed, nor did Defendant permit Plaintiff to "freely inquire" about these employees at the depositions of Defendant's Executive Vice President, Kristin Popp, or Plaintiff's supervisor, Joshua Hamill. (Opp. Brf., p. 7.) Defendant only provided *redacted documents* which hid the identities of the "supervisors, managers and assistant managers," and Defendant did not produce these records until January 15, 2020 at 4:34 p.m. – *one business day* before Plaintiff took the depositions of Ms. Popp and Mr. Hamill. (Potteiger Decl. II, Ex. 2.) In fact, Plaintiff specifically reserved the right to recall Ms. Popp because of Defendant's delay in providing responsive documents. (Declaration of David M. Potteiger, ECF No. 17 ("Potteiger Decl."), Ex. 1 – Transcript of the Testimony of Kristin Popp ("Popp Tran."), p. 144:1-12.)

Defendant has been less than forthcoming with additional discovery obligations relative to their opposition. For example, despite Federal Rule of Civil Procedure 26(a)(1)(A)(i)'s clear

mandate to identify individuals likely to have discoverable information, Defendant failed to identify Garrett Ingram, Thomas Wysocki, Adam Ernst, or Amy Larson, all of whom submitted Declarations in support of Defendant's opposition to Plaintiff's motion. (Potteiger Decl. II, Ex. 3.)

Last, Defendant identified a third-party vendor, Ceridian, as the "individual most knowledgeable" with respect to the "manner, method, or process by which Defendant ascertained, calculated, concluded, and/or determined store employees' regular rate for overtime compensation, including Plaintiff's regular rate, for overtime compensation, each workweek during the statutory period." (Potteiger Decl. II, Ex. 1.) As a result, additional discovery is necessary to determine whether Plaintiff is, in fact, similarly situated to all other hourly-paid, non-exempt Store Employees.

Under similar circumstances, this Division has applied the more lenient approach to conditional certification. *Paswaters v. Krones Inc.*, 2020 WL 419336 (E.D. Wis. Jan. 27, 2020); *see also Slaaen v. Senior Lifestyle Corp.,* No. 18-CV-1562-JPS, 2019 WL 1543973 (E.D. Wis. Apr. 9, 2019) (two depositions and a single set of written discovery); *Weninger v. Gen. Mills Operations LLC*, 344 F. Supp. 3d 1005, 1008 (E.D. Wis. 2018) (two depositions and a single set of written discovery); *Tom v. Generac Power Sys., Inc*., 2018 WL 3696607, at *3 (E.D. Wis. Aug. 3, 2018), reconsideration denied, 2018 WL 5886020 (E.D. Wis. Nov. 9, 2018) (four depositions and a single set of written discovery).

Defendant cannot, on one hand, refuse to produce relevant information on the basis that Plaintiff's discovery requests are unduly burdensome because the Court has yet to grant conditional certification, and then, on the other hand, argue that a heightened intermediate standard is warranted because Plaintiff made requests prior to filing his motion for conditional certification.

6

As a result, the intermediate standard advanced by Defendant is inappropriate, and this Court should analyze Plaintiff's Motion under the lenient approach.

**II. THIS COURT IS NOT TO EVALUATE THE MERITS OF PLAINTIFF'S CLAIMS OR DETERMINE IF PLAINTIFF IS, IN FACT, SIMILARLY SITUATED TO OTHER HOURLY-PAID, NON-EXEMPT EMPLOYEES AT THE CONDITIONAL CERTIFICATION STAGE OF THE PROCEEDINGS**

Defendant acknowledges that "the decision of this court does not hinge on the merits of the FLSA and WWPCL claims." (Opp. Brf., p. 12.) Defendant also acknowledges that "[i]n the first stage, the court examines whether the plaintiff has demonstrated a 'reasonable basis' for believing he is similarly situated to potential class members." (*Id.* at p. 9.) Still, Defendant expends considerable effort attempting to convince this Court that its "policy in rounding hours to the nearest quarter-hour is lawful," and further, that Plaintiff is not, in fact, similarly situated to all other hourly-paid, non-exempt Store Employees. (*Id.* at pp. 12-18.) Defendant's arguments inexplicably skip to the second step of the two-step process adopted by courts for determining whether an FLSA lawsuit should proceed as a collective action, or to the certification/decertification stage. *See Jirak*, 566 F.Supp.2d at 847; *see also Adair*, 2008 WL 4224360, at *8.

At that second stage, which does not take place until after conditional certification has been granted and the opt-in process is completed, "the Court must reevaluate the conditional certification 'to determine whether there is a sufficient similarity between the named and opt-in plaintiffs to allow the matter to proceed to trial on a collective basis.'" *Jirak*, 566 F.Supp.2d at 848 (*citing Heckler v. DK Funding*, 502 F.Supp.2d 777, 779 (N.D. Ill. 2007). Defendant's arguments are therefore premature, because <u>only after</u> "potential plaintiffs have been given a chance to 'opt-in' to the collective action and discovery is complete [may] the court more rigorously review whether the representative plaintiff and the putative claimants are in fact similarly situated so that the lawsuit may proceed as a collective action." *Smallwood v. Illinois Bell Tel. Co.*, 710 F.Supp.2d 746, 750 (N.D. Ill

7

2010); *see also Brabazon v. Aurora Health Care, Inc.*, 2011 WL 1131097, at *2 (E.D. Wis. Mar. 28, 2011).

At the conditional certification stage, "the court does not resolve factual disputes, decide substantive issues on the merits, or make credibility determinations." *Lynch v. United Services Auto. Ass'n,* 491 F.Supp.2d 357, 368–69 (S.D.N.Y. 2007); *see also Fosbinder-Bittorf v. SSM Health Care of Wisconsin, Inc., 2013 WL 3287634, at * 4* (W.D. Wis. Mar. 21, 2013) (internal citations omitted); *Aros v. United Rentals, Inc.*, 269 F.R.D. 176, 180 (D. Conn. 2010) (stating that "[i]t is inappropriate to consider the declarations of other United Rentals employees, which have been submitted to the court by United Rentals in an effort to prove that the potential collective action members are not similarly situated"); *Carmody v. Florida Center For Recovery, Inc*., 2006 WL 3666964, *4 (S.D. Fla. Nov. 8, 2006) (explaining that it would be improper to indulge in fact-finding determination as to whether the putative plaintiffs conclusively are similarly situated, where pleadings and supporting affidavits alleged facts sufficient to satisfy conditional class certification inquiry.)

The unifying prohibition against a court making credibility determinations or weighing evidence at the conditional certification stage is fundamentally rooted in the notion that "motions for conditional certification of collective actions are nondispositive pretrial matters." *Lazo v. Queens Health Food Emporium, Inc.*, No. 11-CV-5848, 2012 WL 2357564 (E.D.N.Y. June 20, 2012); *Lee v. Metrocare Servs*., 980 F. Supp. 2d 754 (N.D. Tex. 2013); *Bredbenner v. Liberty Travel, Inc.*, 09-CV-0090, 2009 WL 2391279 (D.N.J. July 31, 2009).

### A. Plaintiff Established that He Has a Reasonable Basis to Believe that He is Similarly Situated to the Meal Period Collective

Assuming *arguendo* that this Court does not summarily reject Defendant's arguments relative to the merits of the Meal Period Collective as premature, Defendant's claim that its in-shift rounding policy is lawful is without merit. Furthermore, Defendant's reliance on *Tom v.*

8

*Generac*, 2018 WL 3696607, at *3 (E.D. Wis. Aug. 3, 2018) and *Robles v. Brunswick Corp.*, 2020 WL 109776 (E.D. Wis. Jan. 9, 2020) is significantly misplaced.

In both *Tom* and *Robles,* this Court was asked to conditionally certify a collective of hourly-paid, non-exempt manufacturing employees who alleged that their employer failed to compensate them for preliminary work activity performed prior to their customary workday. Specifically, employees could "punch in" prior to their scheduled shift start times, but their employer's timekeeping software automatically rounded that time forward to the employee's scheduled shift start time. Both employers similarly characterized its rounding practices as "grace periods." This Division found that the plaintiffs failed to show that their employers required employees to perform principal activities after "punching in" but before their scheduled shift start times.

The fatal flaw with Defendant's argument here is that *Tom* and *Robles* each involved *pre-shift work activities*. Here, Plaintiff does not allege that Defendant failed to compensate Store Employees for principal activities performed *before* the start of their customary workdays. Rather, Plaintiff argues that Store Employees were not compensated for all time worked *during* their customary workdays.

Pursuant to the "continuous workday rule," employees "**must be compensated for time they spend doing what might otherwise be non-compensable activities if those activities occur during the period between commencement and completion on the same workday of an employee's principal activity or activities…**" *Mitchell v. JCG Indus. Inc.,* 753 F.3d 695, 696 (7th Cir. 2014) (emphasis added).

The only exception to the "continuous workday rule" applicable here is a *bona fide* meal period. *See Mitchell*, 753 F.3d at 696 (stating that employee must be paid for entirety of workday, "except for the *bona fide* lunch break"); *see also Perez v. Mountaire Farms, Inc.,* 650 F.3d 350,

9

363 (4th Cir. 2011); *Salinas v. Starjem Rest. Corp.*, 123 F.Supp.3d 442, 472 (S.D.N.Y. 2015) ("All of the time worked during a continuous workday is compensable, save for bona fide meal breaks"); *Espenscheid v. DirectSat USA, LLC*, 2011 WL 10069108, at *21 (W.D. Wis. Apr. 11, 2011) (stating, "any activities performed *within* this 'workday' are generally compensable").

While "[b]ona fide meal periods of 30 minutes or more are not work time," breaks "**running less than 30 minutes** … **must be counted as hours worked**." Wis. Admin. Code § DWD 272.12(c)(1). Thus, under the WWPCL, employers must treat or consider meal periods that are not duty-free for at least thirty (30) consecutive minutes as compensable hours worked. Wis. Admin. Code §§ DWD 272.12(c) and 274.02(3)*; Williams v. C & D Techs., Inc.*, 808 F. Supp. 2d 1092, 1093 (E.D. Wis. 2011) (recognizing that "Wisconsin requires employers to count time that their employees spend on breaks of less than thirty minutes as compensable time worked").

At the merits stage of these proceedings, Defendant must prove by a preponderance of the evidence that it compensates all of its hourly-paid, non-exempt Store Employees for all time worked *during their continuous workday* with the exception of *bona fide* meal periods running *at least* thirty (30) consecutive minutes in duration. In its opposition, Defendant fails to even address the "continuous workday rule," attempting instead to shift the burden to Plaintiff to establish that all work performed during Store Employees' customary workday constitutes compensable work as though the legal standard in *Tom* and *Robles* applied to this case. It does not. The fact that Defendant believes its pre- and post-shift rounding policy may be lawful, is entirely irrelevant.

This case is considerably more comparable to *Mitchell v. Trilliant Food and Nutrition, LLC*, 2020 WL 1181945, at *2 (E.D. Wis. Mar. 12, 2020). In that case, like here, the plaintiff alleged that her employer failed to compensate all hourly-paid, non-exempt employees for all time worked by failing to compensate them for meal periods that did not qualify as *bona fide* meal periods in

10

accordance with the WWPCL. *Id.* The court granted conditional certification, finding that the plaintiff "submitted evidence to expose a policy in practice of denying employees an uninterrupted 30-minute meal break." *Id.* at *2. The evidence presented included deposition testimony and time records. *Id.*

Like *Mitchell*, in this case, Plaintiff has provided sufficient evidence at this stage of the proceedings to establish his reasonable basis for believing that during all times relevant hereto, Defendant failed to compensate all hourly-paid, non-exempt Store Employees, including Plaintiff, for overtime hours worked by failing to compensate them for meal periods that do not qualify as *bona fide* meal periods.

Plaintiff submitted his own "Raw Punch Reports" and "Raw Punch Reports" for Store Employees in the following positions: Assistant Managers; Assistant 2nd Shift Managers; 2nd Shift Managers; 3rd Shift Managers; and 3rd Shift Second in Charge. (Popp Tran., Ex. 7; Potteiger Decl., Exs. 3-4.) These documents together with Plaintiff's declaration and deposition testimony of Defendant's Executive Vice President, Kristin Popp, and Plaintiff's Supervisor, Joshua Hamill, establish that all of Defendant's hourly-paid, non-exempt Store Employees are subject to the same policy in practice, to wit, Defendant applies an in-shift rounding policy that uniformly fails to compensate said employees for *bona fide* meal periods which are less than 30 minutes in duration. (*Id.*)

As a secondary argument, Defendant seeks to limit the Meal Period Collective to Assistant Managers, Assistant 2nd Shift Managers, 2nd Shift Managers, 3rd Shift Managers, and 3rd Shift Second in Charge positions, but whether Plaintiff is, in fact, similarly situated to all Store Employees or only those Store Employees in managerial positions, is an issue to be resolved at the final certification stage of the proceedings after all discovery is completed. *See, e.g., Paswaters*, 2020 WL 419336.

11

For these reasons, there is a reasonable basis for Plaintiff to believe that he is similarly situated to the Meal Period Collective consisting of all hourly-paid, non-exempt Store Employees employed at Defendant within the three (3) years prior to this action's filing who have not been compensated for all hours worked in excess of forty (40) hours in a workweek as a result of Defendant's failure to compensate said employees at an overtime rate of pay for compensable meal periods lasting less than thirty (30) consecutive, duty free minutes. As a result, this Court should conditionally certify the collective and authorize notice to putative collective members for the purpose of notifying them of their ability to opt-into the action.

### B. Plaintiff Established that He Has a Reasonable Basis to Believe that He is Similarly Situated to the Non-Discretionary Compensation Collective

In its opposition, Defendant does not challenge Plaintiff's contention that it failed to compensate all hourly-paid, non-exempt Store Employees, including Plaintiff, at the proper, correct, and/or lawful overtime rate of pay by excluding all non-discretionary forms of compensation from their regular rates of pay in violation of the FLSA, *see* 29 U.S.C. § 207(a)(1) and (e). (Opp. Brf., pp. 18-20.) Moreover, Defendant apparently concedes that its Attendance Bonuses and New Hire Bonuses are non-discretionary forms of compensation. (*Id.*) Yet, Defendant seeks to establish, *as a fact*, that its Employee Appreciation Holiday Bonuses is properly excluded from Store Employees' regular rates of pay. (*Id.*) Again, Defendant's argument is inappropriate at the conditional certification stage of these proceedings.

The parties agree that "no employer shall employ any of his employees … for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed," 29 U.S.C. § 207(a)(1), or that monetary payments "which do not qualify for exclusion from the regular rate as one of these types [listed in 29 U.S.C. § 207(e)] must be totaled in with other

12

earnings to determine the regular rate on which overtime pay must be based." 29 CFR § 778.208; *see also Weninger,* 344 F. Supp. 3d at 1009.

At the merits stage of these proceedings, Defendant will be required to establish by a preponderance of the evidence that its Employee Appreciation Holiday Bonuses meets all four criteria to warrant exclusion from the regular rate as a discretionary bonus. *Herman v. Anderson Floor Co., Inc.,* 11 F.Supp.2d 1038 (7th Cir. 1998). Specifically, Defendant must prove that: (1) Defendant retains discretion as to payment; (2) Defendant retains discretion as to amount; (3) Defendant retains this discretion until near to the end of the period which it covers; and (4) the bonus is not paid pursuant to any prior contract, agreement, or promise, express or implied. 29 C.F.R. 778.211.

Here, the minimal evidence Defendant produced to Plaintiff suggests that, at the very least, whether Employee Appreciation Holiday Bonuses are non-discretionary is an issue of fact to be decided at the merits stage. Indeed, Defendant announced to Store Employees that they were eligible for and would receive Employee Appreciation Holiday Bonuses provided they were "absence free" during designated periods of time and were "employed on date of payment." (Popp Tran., Ex. 2.)

These facts alone satisfy Plaintiff's first-stage burden of showing that all Store Employees, including Plaintiff, were potentially subject to and victims of the same unlawful policy or practice of Defendant: failing to include its non-discretionary bonuses in said employees' regular rates of pay for overtime calculation and compensation purposes, in violation of the FLSA.

A similar conclusion was reached in *Paswaters*. In that case, the defendant failed to include certain bonuses in hourly-paid, non-exempt employees' regular rates of pay. *Id.* at *2. Although the defendant challenged whether the bonuses in question were, in fact, non-discretionary, this Division granted conditional certification.

> The mere characterization of a bonus is not dispositive as to whether it should be included in the calculation for overtime pay. Moreover, the

> inquiry at this stage is whether there is evidence to support the allegations of an unlawful policy that applies to all hourly employees…. Paswaters provided an affidavit and deposition transcripts to demonstrate that Krones issues non-discretionary bonuses across its organizational units—regardless of what the bonuses and the units are called—and these bonuses are not factored into the overtime pay calculation, resulting in an FLSA violation. On a motion for conditional certification, this is a sufficient showing.

*Id*. at *2.

For these reasons, there is a reasonable basis for Plaintiff to believe that he is similarly situated to the Non-Discretionary Compensation Collective consisting of all hourly-paid, non-exempt Store Employees employed at Defendant within the three (3) years prior to this action's filing who have not been compensated for all hours worked in excess of forty (40) hours in a workweek at the proper, correct, and/or lawful overtime rate of pay as a result of Defendant's failure to include all non-discretionary forms of compensation, such as Attendance Bonuses, Employee Appreciation Holiday Bonuses, and New Hire Bonuses, in said employees' regular rates of pay for overtime calculation purposes.[3]

## III. THIS COURT SHOULD APPROVE PLAINTIFF'S PROPOSED NOTICE AND SCHEDULING

Defendant does not challenge the sufficiency or form of Plaintiff's proposed notice attached to its principle brief as **Exhibit 1**. (ECF No. 16-1.) Likewise, Defendant neither challenges Plaintiff's request that Defendant provide information necessary to effectuate notice to the putative collective members nor Plaintiff's proposed scheduling of the notice period. Consequently, should this Court grant Plaintiff's motion for conditional certification, then this Court should adopt Plaintiff's proposals as set forth in its principle brief.

---

[3] Even if this Court agrees with Defendant that the Employee Appreciation Holiday Bonus is discretionary and excludable from hourly-paid, non-exempt employees' regular rate of pay for overtime compensation, then this Court should nevertheless conditionally certify a collective of hourly-paid, non-exempt employees who received Attendance Bonuses and New Hire Bonuses.

## CONCLUSION

For all of the foregoing reasons, this Court should conditionally certify this action as an FLSA representative action on behalf of the two (2) collectives of current and former hourly-paid, non-exempt Store Employees identified above. This Court should additionally authorize Plaintiff's counsel to issue the Notice attached to its principle brief as **Exhibit 1**. (ECF No. 16-1).

Dated this 23rd day of March, 2020

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

 s/ *David M. Potteiger*
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405
David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
15850 W. Bluemound Rd., Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com
dpotteiger@walcheskeluzi.com