JESSE WYNGAARD,

        Plaintiff,

  v.                                          Case No. 19-cv-493-pp

WOODMAN'S FOOD MARKET, INC.,

        Defendant.

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S AND DEFENDANT'S MOTIONS TO RESTRICT (DKT. NOS. 19, 20) AND REQURING PARTIES TO FILE AMENDED MOTIONS**

      The parties have filed motions to restrict documents. The plaintiff's motion asks the court to temporarily restrict "certain" (unidentified) exhibits to the declarations of David M. Potteiger and Jesse Wyngaard. Dkt. No. 19. In support of the motion, the plaintiff asserts that the defendant designated the exhibits "confidential" under the court's protective order. Id. (citing Dkt. No. 14). The plaintiff asserts that the "confidential" designation creates good cause for the court to temporarily restrict the exhibits to allow the defendant a chance to file its own motion to restrict. Id.

      The defendant asks the court to restrict Exhibits 1–9 to the March 12, 2020 declaration of Erik K. Eisenmann. Dkt. No. 20. The defendant says that it designated these exhibits as "confidential" under the protective order. Id.

      Neither motion states good cause to restrict as required under Civil Local Rule 79(d)(4). "The Seventh Circuit has emphasized that 'the public at large

1

pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding.' *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999)." Roumann Consulting Inc. v. T.V. John & Son, Inc., No. 17-C-1407, 2019 WL 3501513, at *8 (E.D. Wis. Aug. 1, 2019). A party may override this interest only if its privacy interest surmounts the public's interest; "that is, only if there is good cause for sealing a part or the whole of the record in that case." Id.

In Baxter International v. Abbott Labs, the Seventh Circuit faced a motion with slightly more detail than the ones filed here. 297 F.3d 544, 545 (7th Cir. 2002). The court explained,

> [a] few weeks ago a single judge of this court, serving as motions judge for the week, received and denied a joint motion to maintain documents under seal. The motion was generic: it related that the parties had agreed on secrecy, that the documents contained commercially sensitive information, and so on, but omitted details. What is more, the motion did not attempt to separate genuinely secret documents from others in the same box or folder that could be released without risk. The motion was patterned on the sort of broad secrecy agreement that often accompanies discovery in order to expedite that process by avoiding document-by-document analysis. Secrecy is fine at the discovery stage, before the material enters the judicial record. See *Seattle Times Co. v. Rhinehart*, 467 U.S. 20 . . . (1984). But those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality.

Id. The court went on explain that the parties had made "no effort to justify the claim of secrecy," simply asserting it on the ground that the documents to be sealed were commercial documents. Id. at 546. The court stated, "[t]hat won't do." Id. The court allowed the parties to amend their motion to seal but stated that it would "in the future deny outright any motion . . . that does not analyze

2

in detail, document by document, the propriety of secrecy, providing reasons and legal citations." Id. at 548.

Since then, the court has affirmed that it would not seal documents "simply because the parties had agreed to do so among themselves because that practice deprives the public of material information about the judicial process." United States v. Sanford-Brown, Ltd., 788 F.3d 696, 713 (7th Cir. 2015) (vacated on other grounds, United States *ex rel.* Nelson v. Sanford-Brown, Ltd., 136 S. Ct. 2506 (2016)).

The court will deny the plaintiff's motion because it doesn't comply with the local rule. General Local Rule 79(d)(3) says that if documents sought to be restricted have been designated confidential by someone other than the party filing the motion to restrict, the party filing the motion may explain that the exhibits are being filed under a court-approved protective order and state whether the party agrees, disagrees or takes no position on whether the documents ought to be restricted. In response, the party who designated the documents confidential may, if it chooses to, provide sufficient facts to show good cause to restrict the documents. The plaintiff did not identify the documents he seeks to restrict. He did not state whether he agreed or disagreed that the documents should be restricted.

The court will deny the defendant's motion. Perhaps the defendant is seeking to restrict the documents about which the plaintiff had concern, but it doesn't say as much. Nor does the defendant state good cause for restricting

3

the exhibits. Simply stating, "we deem the information in these documents confidential" isn't enough.

The court will allow the parties to file amended motions that comply with this court's local rule and with the Seventh Circuit's directive that a party seeking to restrict a document analyze in detail, document by document, the propriety of the requested secrecy and provide reasons.

The court **DENIES without prejudice** the plaintiff's motion to restrict. Dkt. No. 19.

The court **DENIES without prejudice** the defendant's motion to restrict. Dkt. No. 20.

The court **ORDERS** that the parties may file amended motions to restrict by the end of the day on **May 15, 2020**.

The court **ORDERS** that the Clerk of Court shall restrict from public access the documents identified in the defendant's motion until the end of the day on **May 15, 2020**. If the defendant has not filed an amended motion then, the court must lift the restrictions and make the documents available to the public on the next business day.

Dated in Milwaukee, Wisconsin this 24th day of April, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
