UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JESSE WYNGAARD,

    Plaintiff,

v.                                                 Case No. 19-cv-493-pp

WOODMAN'S FOOD MARKET, INC.,

    Defendant.

---

**ORDER GRANTING IN PART DEFENDANT'S MOTION TO CONSOLIDATE (DKT. NO. 222), ORDERING CASES CONSOLIDATED THROUGH RESOLUTION OF SUMMARY JUDGMENT AND ORDERING PARTIES TO FILE AMENDED RULE 26(F) REPORT**

---

On April 5, 2019, plaintiff Jesse Wyngaard filed a collective and class action complaint against Woodman's Food Market, Inc. under the Fair Labor Standards Act (FLSA) and Wisconsin's Wage Payment and Collection Laws (WWPCL). Dkt. No. 1. On January 22, 2021, two other plaintiffs, Mary Hunter and Jaclyn Beegun, represented by the same attorney as Wyngaard, filed a separate collective and class action complaint against Woodman's under the FLSA and WWPCL, as well as under Illinois statutes. Hunter, *et al.* v. Woodman's Food Market, Inc., Case No. 21-cv-94-BHL, dkt. no. 1, (E.D. Wis. 2021).[1]

On August 6, 2021, the defendant moved under Fed. R. Civ. P. 42(a) to consolidate the two cases. Dkt. No. 222. The defendant also asks the court to

---

[1] The court will refer to the cases as Wyngaard and Hunter.

1

direct the plaintiffs in both cases to file a consolidated complaint and to confer with the defendants to propose a schedule for the consolidated case. Dkt. No. 223 at 21-22. The court will grant the defendant's motion, consolidate the cases through the time that dispositive motions are filed and require the plaintiffs to confer with the defendants on a new schedule upon which the case will proceed.

I.  **Procedural History**

   A.  Wyngaard

On April 5, 2019, Wyngaard filed a complaint "on behalf of himself and all others similarly situated" against Woodman's Food Market, Inc. Dkt. No. 1. On October 2, 2019, the court held a scheduling conference and entered a scheduling order requiring that any motion for conditional certification be filed by February 14, 2020. Dkt. Nos. 11, 13. The plaintiff filed his motion for conditional certification on February 11, 2020, dkt. no. 15; the court held a hearing and granted the motion, dkt. nos. 34, 35. The parties filed a supplemental joint report on August 31, 2020 regarding the scheduling order. Dkt. No. 37. The court issued a scheduling order the next day, ordering that motions for final certification/decertification and dispositive motions were due April 30, 2021. Dkt. No. 38.

On February 26, 2021, Wyngaard filed three motions to compel, two regarding discovery demands and one regarding an individual to be deposed. Dkt. Nos. 48, 50, 52. The same day, the defendant filed a motion for protective order asking the court to stay discovery and amend the scheduling order. Dkt.

2

No. 54. On April 27, 2021, the court referred the case to Judge Nancy Joseph for ruling on the discovery disputes and stayed all deadlines. Dkt. No. 62. Judge Joseph set a status conference for May 6, 2021 but soon after stayed the conference at the request of the parties, who wished to pursue mediation. In a May 3, 2021 Text Only Order. Judge Joseph ordered the parties to provide a status update by June 30, 2021. Id.

On June 29, 2021, Wyngaard's attorney filed a letter indicating that the parties could not reach agreement on the "scheduling of key milestones in this case" and asking the court to schedule the various discovery motions for a hearing. Dkt. No. 64. The same day, Wyngaard filed a motion to certify class under Rule 23 and a motion to certify class collective under 29 U.S.C. 216(b). Dkt. Nos. 65, 66. Along with these motions, Wyngaard filed roughly 175 declarations by individuals in the class and the collective. Dkt. Nos. 70-214.

On June 30, 2021, the defendant filed a status report, indicating that it intended to file a motion to consolidate this case with a case pending in this district before Judge Brett H. Ludwig. Dkt. No. 218. The next day, Judge Joseph set a hearing for July 15, 2021 regarding the discovery motions. This court then stayed all proceedings pending the defendant's filing of the motion to consolidate, which the court ordered be filed by August 6, 2021. Dkt. No. 220. On July 12, 2021, Judge Joseph cancelled the scheduled motion hearing. The defendant filed its motion to consolidate on August 6, 2021, dkt. no. 222; Wyngaard filed an opposition brief, dkt. no. 226, and the defendant filed a reply, dkt. no. 228.

3

B.  <u>Hunter</u>

On January 22, 2021, plaintiffs Mary Hunter and Jaclyn Beegun filed a complaint against Woodman's—the defendant in this case. <u>Hunter</u>, Case No. 21-cv-94-BHL, Dkt. No. 1. The <u>Hunter</u> case is assigned to Judge Ludwig. The <u>Hunter</u> plaintiffs are represented by the same attorneys who represent Wyngaard. According to the defendant, Hunter and Beegun previously were party-plaintiffs in <u>Wyngaard</u> and Beegun remains a party in one or more of the claims in this case. <u>Wyngaard</u>, Case No. 19-cv-493, Dkt. No. 223 at 21. Hunter and Beegun since have filed an amended complaint and a second amended complaint. <u>Hunter</u>, Case No. 21-cv-94, Dkt. Nos. 5, 15.

On May 7, 2021, the parties in <u>Hunter</u> filed a joint motion to stay proceedings pending completion of the mediation. <u>Id.</u> at Dkt. No. 7. Judge Ludwig granted the motion on May 10, 2021. <u>Id.</u> at Dkt. No. 8. On July 6, 2021, Judge Ludwig ordered the case stayed until August 6, 2021, the deadline set by this court for the defendant to file its motion to consolidate. <u>Id.</u> at Dkt. No. 14. The defendant filed its motion to consolidate in <u>Hunter</u> on August 6, 2021, <u>id.</u> at dkt. no. 18, which Hunter and Beegun oppose, <u>id.</u> at dkt. no. 21.

**II. Applicable Law**

Federal Rule of Civil Procedure 42(a) states:

(a) Consolidation. If actions before the court involve a common question of law or fact, the court may:

    (1) join for hearing or trial any or all matters at issue in the actions;
    (2) consolidate the actions; or
    (3) issue any other orders to avoid unnecessary cost or delay.

4

The rule was "designed and intended to encourage . . . consolidation [matters that are the same and touch each defendant with the same effect] where possible." United States v. Knauer, 149 F.2d 519, 520 (7th Cir. 1945). It gives the court several options:

> First, the court may "join for hearing or trial any or all matters at issue in the actions." Fed. Rule Civ. Proc. 42(a)(1). Second, the court may "consolidate the actions." Rule 42(a)(2). Third, the court may "issue any other orders to avoid unnecessary cost or delay." Rule 42(a)(3).

Hall v. Hall, 138 S. Ct. 1118, 1124 (2018). "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." Id. at 1131 (citing 9A Wright & Miller §2383). Courts should decline to exercise their discretion to consolidate if consolidation could cause confusion or prejudice. Estate of West v. Giese, Nos. 19-cv-1843, 19-cv-1844, 2020 WL 3895299, at *1 (E.D. Wis. July 10, 2020) (citing SJ Props Suites, BuyCo, EHF v. Dev. Opportunity Corp., Nos. 09-cv-533, 09-cv-569, 2009 WL 3290009, at *1 (E.D. Wis. Nov. 12, 2009)).

### III. Parties' Arguments

The defendant argues that the two cases share common questions of law and fact. Dkt. No. 223 at 4. It compares the claims in each case and identifies what it describes as considerable overlap, down to the language of the paragraphs in the two complaints. Id. at 5, 7-9, 23. The defendant argues that the only meaningful difference for most of the claims is the relevant time frame, which it alleges the plaintiffs designed as an "artifice aimed at defeating consolidation." Id. at 12. It asserts that there is no legal or factual difference

5

between the two time frames, because Wyngaard does not allege that any practices or policies changed from one time frame to the other. Id. at 15-16. The defendant argues that consolidating the cases would alleviate the risk of inconsistent rulings on the overlapping portions of the cases. Id. at 16.

The defendant argues that consolidation would serve judicial economy because it would streamline the litigation and avoid duplicative efforts in discovery and motion practice. Id. at 18. It says that consolidation would "serve[] the efficient resolution of both cases." Id. (citing Ahnert v. Emps. Ins. Co. of Wausau, No. 10-cv-156-PP, 2017 WL 1251113, *2 (E.D. Wis. Mar. 31, 2017). The defendant also asserts that there is no likelihood of confusion on the issues and that consolidation would not prejudice any party, and that *not* consolidating likely would prejudice the defendant. Id. 19-20. The defendant argues that Wyngaard's likely concern over delay is speculative, because discovery is ongoing and no trial date has been set. Id. at 20. The defendant asserts that it would be prejudiced by keeping the cases separated, which would require the defendant to perform "needlessly duplicative discovery and . . . risk . . . inconsistent adjudications." Id.

Wyngaard responds that the defendant is trying to slow his case by consolidating it with a more-recently-filed case; he alleges that the defendant is "woefully unprepared to oppose [his] motions for class and collective certification or to present material issues of genuine fact at summary judgment." Dkt. No. 226 at 2. Wyngaard accuses the defendant of slowing the pace of the Wyngaard case over the past year through discovery challenges and

6

an unsuccessful mediation. Id. at 5-6. Wyngaard notes that he has filed a motion seeking certification of three subclasses under Rule 23, and that in light of the deadlines for bring that motion as well as the current scheduling order, Wyngaard would be prejudiced if the cases were consolidated and the schedule further delayed. Id. at 7. He also points to the additional allegations in Hunter regarding an "unlawful scheme of shaving time (via electronic timeclock rounding)" under the FLSA, WWPCL and an Illinois statute. Id. at 9. Wyngaard did not raise the "time shaving" claims in this case.

Wyngaard elaborates on his assertion that he would be prejudiced by consolidation. He argues that the voluminous evidence in this case pertains to damages from the specific class period, which differs from the class period in Hunter. Id. at 11. He argues that because of the different time frames, consolidation would not foster judicial economy, and that it would be better to allow Judge Ludwig to implement "a comprehensive discovery plan in *Hunter* that might avoid whatever modest duplication of effort may exist from discovery *already* completed in *Wyngaard*." Id. (emphasis the plaintiff's). He asserts that significant motion practice already has occurred in Wyngaard, which he says has proceeded beyond the stage of filing a motion for conditional certification. Id. Wyngaard argues that consolidation would set the parties and this court up for duplicative motion practice. Id. He states that there is no risk of inconsistent adjudications because the class periods are separate and distinct. Id. at 12. He argues that consolidation would risk administrative difficulties

7

and jury confusion, because the number of classes would add unnecessary complexities at trial. Id. at 15.

The defendant's reply brief restates its arguments from the motion to consolidate. It also deflects the accusation that it has intentionally slowed the case and argues against a risk of juror confusion. Dkt. No. 228 at 13-14. The defendant asserts that jurors would be at no greater risk of confusion by consolidating the cases than they would be if Hunter stood alone. Id. at 14. It argues that the classes and claims are the same and that the difference in time frames does not raise a concern of confusion, because the plaintiffs have "not identified any evidence that will actually differ from one case to the other." Id. The defendant argues that putative class members *would* be confused by the numerous notices associated with different classes, and that these would be more numerous if the cases are not consolidated. Id. at 14-15.

### IV. Analysis

#### A. Common Question of Law or Fact

In the April 5, 2019 complaint, Wyngaard asserted five claims against the defendant: (1, 3) an FLSA and a WWPCL claim alleging that the defendant failed to include monetary, non-discretionary compensation, such as "bonuses, incentives, payments, awards, rewards and/or other payments" paid to employees in their "regular rates of pay for overtime calculation purposes," Dkt. No. 1 at ¶¶93, 120; (2) an FLSA claim that the defendant failed to pay employees overtime for daily meal periods that lasted less than thirty minutes, Dkt. No. 1 at ¶106; and (4-5) two WWPCL claims alleging that the defendant

8

failed to pay overtime and regular wages to employees whose meal periods were less than thirty minutes, Dkt. No. 1 at ¶¶130, 140. The complaint described five different classes and collectives—two FLSA and three WWPCL. See id. at ¶¶69, 78. The collective classes include employees who were employed by the defendant within the three years immediately prior to the filing of the complaint (from April 5, 2016 through April 5, 2019), id. at ¶69; the Rule 23 classes include people who were employed by the defendant within the two years immediately prior to the filing of the complaint (from April 5, 2017 through April 5, 2019), id. at ¶78.

In the June 29, 2021 motion to certify the Rule 23 class, Wyngaard sought to certify three subclasses: (1) a "Meal Period Subclass," (2) a "Non-Discretionary Compensation Subclass" and (3) an "In-Shift Rounding Subclass." Dkt. No. 65 at 1. The descriptions of the meal period subclass and the in-shift rounding subclass are identical except that the meal period subclass consists of employees whose meal periods were *less* than thirty minutes and the in-shift rounding subclass consists of employees whose meal periods were *more* than thirty minutes. Id. The motion identifies the relevant time frame as April 5, 2017 through April 5, 2019. Id.

The June 29, 2021 motion to certify the FLSA collective also seeks to certify three subclasses—a Meal Period Collective, an In-Shift Rounding Collective and a Non-Discretionary Compensation Collective. Dkt. No. 66 at 1-2. The motion identifies the relevant time frame for the collective as April 6, 2016 to April 5, 2019. Id.

9

Case 2:19-cv-00493-PP   Filed 12/20/21   Page 9 of 18   Document 230

The July 6, 2021 second amended complaint brought by Hunter and Beegun in the Hunter case asserted nine claims: (1, 4) an FLSA claim and a WWPCL claim that the defendant did not properly compensate employees for overtime by failing to treat "rest breaks of short duration and/or meal periods lasting less than thirty (30) consecutive minutes" as compensable time, id. at Dkt. No. 15 at ¶¶141, 176; (2, 5, 7 and 8) an FLSA claim, a WWPCL claim, an Illinois Wage Payment and Collection Act (IWPCA) claim and an Illinois Minimum Wage Law (IMWL) claim that the defendant did not properly compensate employees for overtime in the form of "shaving" time for pre-shift, in-shift and post-shift work "performed while 'clocked in' via Defendant's electronic timekeeping system," id. at Dkt. No. 15, ¶¶152, 184, 205, 214; and (3, 6 and 9) an FLSA claim, a WWPCL claim and a IMWL claim that the defendant failed to properly compensate employees for overtime pay by failing to include non-discretionary compensation such as monetary bonuses, incentives, awards and other rewards and payments in the regular rates of pay for overtime calculation purposes, id. at Dkt. No. 15, ¶¶163, 189, 224.

The dates for which the second amended complaint in Hunter seeks damages vary. The first, fourth, fifth and sixth causes of action (the FLSA and WWPCL meal period claims, the WWPCL time-shaving claim and the WWPCL non-discretionary compensation claim) seek damages from April 4, 2019 to January 22, 2021 (the date of the filing of the original complaint in Hunter). The second and third causes of action (the FLSA time-shaving and non-discretionary compensation claims) seek damages from April 6, 2019 to "the

10

present" (presumably the July 6, 2021 date of the filing of the second amended complaint). The seventh cause of action (the IWPCA time-shaving claim) seeks damages from January 22, 2011 to January 22, 2021—a decade. The eighth cause of action (the IMWL time-shaving claim) contains conflicting dates—Dkt. No. 15 at ¶212 refers to actions taken "[f]rom January 22, 2021 until January 22, 2021" (presumably a typo), while Dkt. No. 15 at ¶214 refers to actions taken "[f]rom January 22, 2018 until January 22, 2021." The ninth cause of action (the IMWL non-discretionary compensation claim) seeks damages from January 22, 2018 to January 22, 2021.

While the plaintiffs in Hunter have not yet filed class certification motions, the second amended complaint identified three collective classes: an FLSA meal period collective covering April 6, 2019 to January 22, 2021; an FLSA time-shaving collective covering the same period; and an FLSA non-discretionary compensation collective covering the same period. Id. at Dkt. No. 15, ¶101. It described three Rule 23 classes of Wisconsin employees—a WWPCL meal period subclass, a WWPCL time-shaving subclass and a WWPCL non-discretionary compensation subclass; the time frame for each was the same April 6, 2019-to-January 22, 2021 period identified for the collective classes. Id. at Dkt. No. 15, ¶116. Finally, the second amended complaint identified three Rule 23 classes of Illinois employees—the IWPCA time-shaving subclass (covering the period January 22, 2011 to January 22, 2021), the IMWL time-shaving subclass (covering the period January 22, 2018 to January

11

22, 2021) and the IMWL non-discretionary compensation subclass (covering the period January 22, 2018 to January 22, 2021). Id. at Dkt. No. 15, ¶126.

Both cases involve claims that the defendant failed to include bonuses and other monetary forms of non-discretionary compensation in the plaintiffs' pay for the purposes of calculating overtime. The differences in those claims between the two cases are the time frames (April 2016/2017 to April 2019 for this case and various dates between January 22, 2018 and the present in the Hunter case) and the fact that the Hunter plaintiffs bring claims under federal, Wisconsin and Illinois law while the plaintiff in Wyngaard brings claims only under federal and Wisconsin law. These claims involve a common question of fact—whether the defendant failed to include the non-discretionary compensation in the employees' pay for the purposes of calculating overtime between April 2016 and the present. The legal analysis of that question of fact would appear to be the same for the federal and Wisconsin claims in both cases; it might be slightly different for the Illinois claim in the Hunter case.

Both cases involve claims that the defendant failed to pay employees overtime for meal periods less than thirty minutes in duration. But the Hunter case also includes a claim that the defendant failed to pay employees overtime for less-than-standard rest breaks. And the time frames are different—April 2016/2017 through April 2019 for Wyngaard and April 4, 2019 to January 22, 2021 for Hunter. These claims *do* involve a common question of fact—whether the defendant failed to pay overtime for meal periods less than thirty minutes in duration—but the factual claims are not fully congruent. The time frames,

12

while different, are contiguous. The questions of law likely are the same under federal and Wisconsin law and perhaps slightly different under Illinois law.

Only the Hunter case involves the "time-shaving" claims, so neither the facts nor the law relating to these claims are common.

B.      Procedural Posture

The complaint in Hunter was filed on January 22, 2021, some twenty-two months after the complaint in Wyngaard. The second amended complaint in Hunter was filed on July 6, 2021, over two years after the complaint in Wyngaard. Other than the filing of the motion to consolidate, nothing else has happened in Hunter.

More water has passed under the Wyngaard bridge. The defendant answered, the court set a scheduling order, the plaintiff filed a motion for conditional certification, the court granted that motion and the court issued another scheduling order. All those things happened before the Hunter plaintiffs filed their suit. After the Hunter plaintiffs filed their suit, Wyngaard filed discovery motions. As noted above, the court referred those to Judge Joseph and stayed the discovery deadlines. The day after the parties represented that their jointly requested mediation had not been successful, Wyngaard filed his class certification motions (event though the court had stayed deadlines and had not yet set new ones). Two days later, the court stayed the proceedings in Wyngaard pending the motion to consolidate.

13

C.  Court's Findings

The cases involve common issues of law and fact. While there are issues of law and fact that are not common, Rule 42 does not require complete commonality. The cases involve both overlapping and adjoining time frames. While there has been more litigation in <u>Wyngaad</u> than in <u>Hunter</u>, little of substance has happened in <u>Wyngaard</u> other than the fact that classes have been conditionally certified.

Rule 42 does not require that if a court exercises its discretion, it must fully consolidate cases for all purposes. It provides a court with a flexible tool for managing litigation—the court may join "for hearing or trial" "any or all" issues, or it may consolidate the cases for all purposes, or it may "issue any other orders to avoid unnecessary cost or delay." The court perceives little reason to require the discovery in the two cases to proceed on separate tracks, or to require class certification motions or dispositive motions to be filed on different schedules, before different judges. This seems the antithesis of "judicial economy," as well as the antithesis of economy for the litigants.

The court also agrees with the defendants that there is some possibility of inconsistent rulings on the same issues if dispositive motions (or perhaps even discovery motions) involving the same legal issues as to the same defendant were to be resolved by different judges.

Wyngaard argues that he will suffer significant prejudice if the cases are consolidated. His case inevitably be delayed if the cases are consolidated. But not only has discovery not been completed in his case, Wyngaard has asked

14

the court to compel certain discovery. Whether this case is consolidated with Hunter or not, if the court grants the plaintiff's motions to compel, the court will have to give the defendant time to respond. Because many of the alleged practices and policies underlying the claims in the cases are similar or identical, the discovery in Hunter, outside of damages, likely will be turned over in response to the discovery demands in Wyngaard. The inevitable delays caused by consolidation would be ameliorated by the gains made by streamlining the litigation process.

The court agrees with the plaintiff, however, that joining the two cases for trial has the potential to cause jury confusion. There are different claims, different state statues and different classes in the two cases; asking a jury to keep all those moving parts and pieces straight and produce verdicts that can clearly be understood by the parties is too heavy a lift. Should the case survive summary judgment, the court will discuss with the parties how to address that potential jury confusion—whether through separate trials before the same judge, separate trials before different judges or some other solution.

The court will grant in part the defendant's motion to consolidate the cases, consolidating the cases under Wyngaard, Case No. 19-cv-493, through dispositive motions.

## V.     **Consolidated Complaint**

The defendant asks the court to order the plaintiffs to file a consolidated complaint and confer with the defendants on an amended schedule for the consolidated case. Dkt. No. 223 at 21-22. Wyngaard opposes this request,

again arguing that it will drag out his case and prejudice him; he also argues that the defendant seeks to violate the rule against merger of cases. Dkt. No. 226 at 13. The defendant responds that "consolidated complaints are a normal, accepted mechanism for ensuring orderly discovery and pre-trial litigation in the consolidated case." Dkt. No. 228 at 15 (citing 8 Moore's Federal Practice – Civil §42.13 (2021); 9A Fed. Prac. & Proc. Civ. §3282 (3d ed. 2021)).

In <u>Hall v. Hall</u>, the Supreme Court explained that the word "consolidate" has a long legal lineage; "[o]ver 125 years, this Court, along with the courts of appeals and leading treatises, interpreted that term to mean the joining together—but not the complete merger—of constituent cases." <u>Hall</u>, 138 S. Ct. at 1125. "[J]ust five years before Rule 42(a) became law, we reiterated that, under the consolidation statute, consolidation did not result in the merger of constituent cases." <u>Id.</u> at 1172 (citing <u>Johnson v. Manhattan R. Co.</u>, 289 U.S. 476, 496-97 (1933). The Court cited to Moore's—the source cited by the defendant—in explaining that

> through consolidation under Rule 42(a) "one or many or all of the phases of the several actions may be merged. But merger is never so complete in consolidation as to deprive any party of any substantial rights which he may have possessed had the actions proceeded separately." 3 J. Moore & J. Friedman, Moore's Federal Practice § 42.01, pp. 3050-3051 (1938). Thus, "separate verdicts and judgments are normally necessary." <u>Id.</u>, at 3051, n.12.

<u>Id.</u> at 1130.

The court agrees that in some cases, requiring the plaintiff to file a consolidated complaint makes sense. The rule that consolidated cases do not lose their individual character would not always be violated by such a

16

requirement. But in this case, because the court has determined that separate trials may well be necessary, the court will not require the plaintiff to file an amended complaint.

Rather, the court will require the defendant to answer or otherwise respond to the second amended complaint in <u>Hunter</u>, then require the parties to meet, confer and file a joint Rule 26(f) plan proposing deadlines for completing discovery and filing dispositive motions in both cases. The schedule the parties propose must take into account the discovery already exchanged. The parties also must discuss deadlines for the plaintiffs in <u>Hunter</u> to file conditional and/or final class certification motions.

The court has not forgotten the pending discovery motions in this case. If the parties are not able to resolve their issues themselves by the date the court sets below for filing a Rule 26(f) plan for the consolidated cases, the court will confer with Judge Joseph and determine which court can most expeditiously address those motions.

**VI. Conclusion**

The court **GRANTS IN PART** the defendant's motion to consolidate <u>Hunter et al. v. Woodman's Food Market, Inc.</u>, Case No. 21-cv-94-BHL, with <u>Wyngaard v. Woodman's Food Market, Inc.</u>, Case No. 19-cv-493-pp. Dkt. No. 222. Under Civil Local Rule 42(b) (E.D. Wis.), the court **ORDERS** that the two cases are **CONSOLIDATED** through ruling on summary judgment or other dispositive motions.

The parties must caption all pleadings and documents and file them under <u>Wyngaard v. Woodman's Food Market</u>, Case No. 19-cv-493.

The court **ORDERS** that the Clerk of Court must place a notation on the docket for Case No. 21-cv-94, reminding interested parties to check the docket for Case No. 19-cv-493.

The court **ORDERS** that within **thirty (30)** days of the date of this order, the defendant must answer or otherwise respond to the second amended complaint in Case No. 21-cv-94. The court **ORDERS** that within thirty days of the date on which the defendant files its answer to the second amended complaint, the parties must file a joint Rule 26(f) report. In the report, the parties should address the outstanding discovery motions filed in Case No. 19-cv-493 (dkt. nos. 48, 50, 52, 54), by advising the court whether it is necessary to schedule a hearing on those motions.

Dated in Milwaukee, Wisconsin this 20th day of December, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**