UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

JESSE WYNGAARD,
on behalf of himself and
all others similarly situated,                    Case No. 19-CV-0493

    Plaintiff,

    v.

WOODMAN'S FOOD MARKET, INC.

    Defendant.

---

MARY HUNTER and
JACLYN BEEGUN
on behalf of themselves and
all others similarly situated,                    Case No. 21-CV-0094

    Plaintiffs,

    v.

WOODMAN'S FOOD MARKET, INC.

    Defendant.

---

TERRY ROBERTSON and
RAY BARNES,
on behalf of themselves and
all others similarly situated,                    Case No. 22-CV-0207

    Plaintiffs,

    v.

WOODMAN'S FOOD MARKET, INC.

    Defendant.

# STIPULATION FOR CONDITIONAL CERTIFICATION AND AUTHORIZATION OF NOTICE TO SIMILARLY-SITUATED PERSONS PURSUANT TO 29 U.S.C. § 216(b)

The parties to this consolidated action, Plaintiffs, Jesse Wyngaard, Mary Hunter, Jaclyn Beegun, Terry Robertson and Ray Barnes, on behalf of themselves and all others similarly situated, by and through their attorneys, Walcheske & Luzi, LLC, and Defendant, Woodman's Food Market, Inc., by and though its attorneys, Husch Blackwell, LLP, each being authorized to do so, do stipulate and agree as follows:

1.) The parties hereby stipulate and agree to conditionally certify *Hunter, et al. v. Woodman's Food Market, Inc.,* Case No. 21-cv-0094 ("*Hunter*") as a collective action pursuant to the Fair Labor Standards Act ("FLSA") against Defendant, Woodman's Food Market, Inc., with respect to the following sub-collectives:

> ***Hunter* Meal Period Sub-Collective:** All hourly-paid, non-exempt Store Employees employed by Defendant, Woodman's Food Market, Inc., at any of its Wisconsin Store locations from April 6, 2019 until January 22, 2021 and who utilized Defendant's electronic timekeeping system, Dayforce, to record a meal period lasting less than thirty (30) consecutive minutes in duration.
>
> ***Hunter* Timeshaving Sub-Collective:** All hourly-paid, non-exempt Store Employees employed by Defendant, Woodman's Food Market, Inc., at any of its Store locations from April 6, 2019 until January 22, 2021 and who utilized Defendant's electronic timekeeping system, Dayforce, to record their hours worked.
>
> ***Hunter* Non-Discretionary Compensation Sub-Collective:** All hourly-paid, non-exempt Store Employees employed by Defendant, Woodman's Food Market, Inc., at any of its Store locations from April 6, 2019 until January 22, 2021 and who earned an Attendance Bonus, Employee Appreciation Holiday Bonus, or New Hire Bonus during a workweek in which they worked in excess of forty (40) hours.

2.) The parties hereby stipulate and agree to conditionally certify *Robertson, et al. v. Woodman's Food Market, Inc.,* Case No. 22-cv-0207 ("*Robertson*") as a collective action pursuant

to the FLSA against Defendant, Woodman's Food Market, Inc., with respect to the following sub-collectives:

> ***Robertson* Timeshaving Sub-Collective:** All hourly-paid, non-exempt Store Employees employed by Defendant, Woodman's Food Market, Inc., at any of its Store locations from January 23, 2021 until December 13, 2021 and who utilized Defendant's electronic timekeeping system, Dayforce, to record their hours worked.
>
> ***Robertson* Non-Discretionary Compensation Sub-Collective:** All hourly-paid, non-exempt Store Employees employed by Defendant, Woodman's Food Market, Inc., at any of its Store locations from January 23, 2021 until December 13, 2021 and who earned an Attendance Bonus, Employee Appreciation Holiday Bonus, or New Hire Bonus during a workweek in which they worked in excess of forty (40) hours.

3.) The parties further stipulate and respectfully request that this Court authorize Plaintiffs' counsel to issue the Notice attached hereto as **Exhibit 1** to all of the following:

> All former and current hourly-paid, non-exempt Store Employees employed by Defendant, Woodman's Food Market, Inc., from April 6, 2019 until December 13, 2021.

4.) The parties stipulate and agree to the following procedure and timeline:

a. Within ten (10) days of this Court's Order approving this Stipulation, Defendant shall provide Plaintiffs' counsel with the names and last known addresses of all former and current hourly-paid, non-exempt Store Employees employed by Defendant from April 6, 2019, until January 22, 2021, and of all of all former and current hourly-paid, non-exempt Store Employees employed by Defendant in the State of Illinois from January 23, 2021 until December 13, 2021.

b. Within twenty (20) days of this Court's Order approving this Stipulation, after Plaintiffs shall mail the Notice annexed hereto as **Exhibit 2** to the putative collective members.

c. Plaintiffs' counsel shall provide written notice to Defendant's counsel of the date on which the Notices are mailed.

d.  Defendant shall likewise post copies of the Notice annexed hereto as **Exhibit 2** in a conspicuous location within three (3) feet of the timeclock at each Store location.

e.  Within thirty (30) days after mailing, putative collective members shall return their respective "Consent to Join Form" to Plaintiffs' counsel who shall file the same with this Court. To be considered timely, a putative collective member's Consent to Join Form must be postmarked thirty (30) days after mailing (the "Opt-In Period"), unless good cause is shown for their delay.

5.) The parties agree that conditional certification is proper in this case. Additionally, the parties believe that court authorized notice to the putative collective members in an FLSA collective action serves the legitimate goal of avoiding a multiplicity of duplicative suits.

6.) Notwithstanding any provision of this stipulation, nothing herein shall be construed as a concession by either party, an admission of liability, or prevent or prejudice Defendant's ability, or right, at any point in the future to move for decertification based on Defendant's argument and belief that Plaintiffs and the individuals they purport to represent are not similarly situated within the meaning of the FLSA. Nothing in this stipulation prevents, precludes, estops, or limits Defendant's right to file a motion on any issue (other than initial conditional certification) that takes the position that any Plaintiff or any putative collective member is not similarly situated within the meaning of the section 216(b) of the FLSA. Defendant does not waive any defenses to liability or damages. Defendant's right to file any motion seeking summary judgment or any other disposition of any portion of this case is not limited, prejudiced, or waived in any way by entry of this stipulation. Moreover, Defendant does not concede, and nothing in this stipulation shall be construed as a concession, that the FLSA collective is suitable for representative proofs at trial in this matter.

Dated this 22nd day of April, 2022

| WALCHESKE & LUZI, LLC | HUSCH BLACKWELL, LLP |
|---|---|
| *s/ David M. Potteiger* | *s/ Andrew J. Weissler* |
| James A. Walcheske, WI Bar No. 1065635 | Andrew J. Weissler, MO Bar No. 64229 |
| Scott S. Luzi, WI Bar No. 1067405 | 190 Carondelet Plaza, Suite 600 |
| David M. Potteiger, WI Bar No. 1067009 | St. Louis, MO 63105 |
| 235 N. Executive Drive, Suite 240 | Telephone: (314) 480-1500 |
| Brookfield, WI 53005 | Facsimile: (314) 480-1505 |
| Telephone: (262) 780-1953 | Email: aj.weissler@huschblackwell.com |
| Facsimile: (262) 565-6469 | |
| Email: jwalcheske@walcheskeluzi.com | Erik K. Eisenmann, WI Bar No. 1081410 |
| Email: sluzi@walcheskeluzi.com | Jason Smathers, WI Bar No. 1118883 |
| Email: dpotteiger@walcheskeluzi.com | 555 East Wells Street, Suite 1900 |
| | Milwaukee, WI 53202 |
| *Attorneys for Plaintiff* | Telephone: (414) 273-2100 |
| | Facsimile: (414) 223-5000 |
| | Email: erik.eisenmann@huschblackwell.com |
| | Email: jason.smathers@huschblackwell.com |
| | |
| | *Attorneys for Defendant* |