UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JESSE WYNGAARD,

        Plaintiff,

v.                                                             Case No. 19-cv-493-pp

WOODMAN'S FOOD MARKET, INC.,

        Defendant.

---

MARY HUNTER,
and JACKLYN BEEGUN,

        Plaintiffs,

v.                                                             Case No. 21-cv-94-pp

WOODMAN'S FOOD MARKET, INC.,

        Defendant

---

TERRY ROBERTSON,
and RAY BARNES,

        Plaintiffs,

v.                                                             Case No. 22-cv-207-pp

WOODMAN'S FOOD MARKET, INC.,

        Defendant

---

**ORDER APPROVING STIPULATION FOR CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION AND AUTHORIZING NOTICE TO SIMILARLY SITUATED PERSONS PURSUANT TO 29 U.S.C. §216(b) (DKT. NO. 237)**

1

The parties have filed a Stipulation for Conditional Certification and Authorization of Notice to Similarly Situated Persons Pursuant to 29 U.S.C. §216(b) regarding Hunter, *et al* v. Woodman's Food Market, Inc., No. 21-cv-94 (Hunter), and Robertson, *et al* v. Woodman's Food Market, Inc., No 22-cv-207 (Robertson). Dkt. No. 237. The court **APPROVES** the joint stipulation to conditionally certify a collective action pursuant to §216(b) of the FLSA and the authorization of notice to the putative collective action members.

For purpose of providing notice to similarly situated persons in Hunter, the court **CONDITIONALLY CERTIFIES** the following opt-in classes under 29 U.S.C. §216(b):

> *Hunter* **Meal Period Sub-Collective:** All hourly-paid, non-exempt Store Employees employed by Defendant, Woodman's Food Market, Inc., at any of its Wisconsin Store locations from April 6, 2019 until January 22, 2021 and who utilized Defendant's electronic timekeeping system, Dayforce, to record a meal period lasting less than thirty (30) consecutive minutes in duration.
>
> *Hunter* **Timeshaving Sub-Collective:** All hourly-paid, non-exempt Store Employees employed by Defendant, Woodman's Food Market, Inc., at any of its Store locations from April 6, 2019 until January 22, 2021 and who utilized Defendant's electronic timekeeping system, Dayforce, to record their hours worked.
>
> *Hunter* **Non-Discretionary Compensation Sub-Collective:** All hourly-paid, non-exempt Store Employees employed by Defendant, Woodman's Food Market, Inc., at any of its Store locations from April 6, 2019 until January 22, 2021 and who earned an Attendance Bonus, Employee Appreciation Holiday Bonus, or New Hire Bonus during a workweek in which they worked in excess of forty (40) hours.

Id. at 2.

For purpose of providing notice to similarly situated persons in Robertson, the court **CONDITIONALLY CERTIFIES** the following opt-in classes under 29 U.S.C. §216(b):

> ***Robertson* Timeshaving Sub-Collective:** All hourly-paid, non-exempt Store Employees employed by Defendant, Woodman's Food Market, Inc., at any of its Store locations from January 23, 2021 until December 13, 2021 and who utilized Defendant's electronic timekeeping system, Dayforce, to record their hours worked.
>
> ***Robertson* Non-Discretionary Compensation Sub-Collective:** All hourly-paid, non-exempt Store Employees employed by Defendant, Woodman's Food Market, Inc., at any of its Store locations from January 23, 2021 until December 13, 2021 and who earned an Attendance Bonus, Employee Appreciation Holiday Bonus, or New Hire Bonus during a workweek in which they worked in excess of forty (40) hours.

Id. at 3.

The court **FINDS** that the parties' Notice of Pendency of Lawsuit, which is attached as Exhibit 1 to the Stipulation for Conditional Certification, constitutes valid, due, and sufficient notice to the 29 U.S.C. §216(b) class. The court **AUTHORIZES** the plaintiff's counsel to issue the Notice to all former and current hourly-paid, non-exempt Store Employees employed by the defendant from April 6, 2019 until December 13, 2021.

The court **ORDERS** that:

1. Within ten (10) days of the court's order approving the parties' stipulation, the defendants shall provide the plaintiffs' counsel with the names and last known addresses of all former and current hourly-paid, non-exempt Store Employees employed by the defendant from April 6, 2019,

until January 22, 2021, and of all former and currently hourly-paid non-exempt Store Employees employed by the defendant in the State of Illinois from January 23, 2021 until December 13, 2021.

2. Within twenty (20) days of the court's order approving this Stipulation, the plaintiffs shall mail the Notice annexed hereto as Exhibit 1 to the putative collective members.

3. The plaintiffs' counsel shall provide written notice to the defendant's counsel of the date on which the Notices are mailed.

4. The defendant shall likewise post copies of the Notice annexed hereto as Exhibit 1 in a conspicuous location within three (3) feet of the timeclock at each Store location.

5. Within thirty (30) days after mailing, putative collective members shall return their "Consent to Join Form" to the plaintiffs' counsel who shall promptly file the same with the court. To be considered timely, a putative collective members' Consent to Join Form must be postmarked thirty (30) days after mailing (the "Opt-In Period"), unless good cause is shown for their delay.

In addition, the court orders:

Notwithstanding any provision of this stipulation, nothing herein shall be construed as a concession by either party, an admission of liability, or prevent or prejudice the defendant's ability, or right, at any point in the future to move for decertification based on the

4

defendant's argument and belief that the plaintiffs and the individuals they purport to represent are not similarly situated within the meaning of the FLSA. Nothing in this stipulation prevents, precludes, estops, or limits the defendant's right to file a motion on any issue (other than initial conditional certification) that takes the position that any plaintiff or any putative collective member is not similarly situated within the meaning of the section 216(b) of the FLSA. The defendant does not waive any defenses to liability or damages. The defendant's right to file any motion seeking summary judgment or any other disposition of any portion of this case is not limited, prejudiced, or waived in any way by entry of this stipulation. Moreover, the defendant does not concede, and nothing in this stipulation shall be construed as a concession, that the FLSA collective is suitable for representative proofs at trial in this matter.

Dated in Milwaukee, Wisconsin this 30th day of September, 2022.

        **BY THE COURT:**

        _____
        **HON. PAMELA PEPPER**
        **Chief United States District Judge**