## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

JESSE WYNGAARD,

        Plaintiff,

    v.                                  Case No. 19-cv-493-pp

WOODMAN'S FOOD MARKET, INC.,

        Defendant.

---

MARY HUNTER,
and JACKLYN BEEGUN,

        Plaintiffs,

    v.                                  Case No. 21-cv-94-pp

WOODMAN'S FOOD MARKET, INC.,

        Defendant

---

TERRY ROBERTSON,
and RAY BARNES,

        Plaintiffs,

    v.                                  Case No. 21-cv-207-pp

WOODMAN'S FOOD MARKET, INC.,

        Defendant

---

**ORDER OVERRULING PLAINTIFFS' OBJECTIONS (DKT. NO. 310), AFFIRMING JUDGE JOSEPH'S ORDER (DKT. NO. 309) AND GRANTING DEFENDANT'S MOTION TO AMEND SCHEDULING ORDER (DKT. NO. 301)**

---

1

The court referred these consolidated cases to Magistrate Judge Nancy Joseph to address the parties' discovery motions. Dkt. No. 307. On May 8, 2024, Judge Joseph granted the defendant's motion to amend the scheduling order and extend the deadline to name expert witnesses. Dkt. No. 309. The plaintiffs objected, dkt. no. 310, and the parties briefed the issue, dkt. nos. 314, 319. Judge Joseph did not commit clear error (or any error); the court will overrule the plaintiffs' objection and affirm Judge Joseph's ruling.

## I.      **Procedural Background**

The plaintiffs allege that the defendant committed violations of various wage and hour laws, including the Fair Labor Standards Act (FLSA), Wisconsin's Wage Payment and Collection Laws (WWPCL), Illinois' Minimum Wage Law (IMWL) and Illinois' Wage Payment and Collection Act (IWPCA). Dkt. Nos. 247–49. Each of the plaintiffs brings his or her claims as a class and collective action. Id.

On June 30, 2021, the plaintiff in the Wyngaard case—Case No. 19-cv-493—filed a twenty-eight-page expert witness report dated June 29, 2021, prepared by Ronald A. Bero, Jr. Dkt. No. 215. Just over a month later, on August 6, 2021, the defendant filed a motion asking the court to consolidate the three cases. Dkt. No. 222. On December 20, 2021, the court granted the motion to the extent that it consolidated the cases through summary judgment. Dkt. No. 230. A few months later, the court granted a joint motion to consolidate the cases (Dkt. No. 232). Dkt. No. 234.

On October 20, 2022, the court issued a scheduling order in the consolidated cases, setting a February 2, 2023 deadline by which the parties much exchange expert witness lists and referring the case to Judge Joseph "to address the scope of pre- and post-certification discovery and any discovery disputes that arise." Dkt. No. 242. Two months later, however, in December 2022, the plaintiffs filed amended complaints. Dkt. Nos. 247 (Wyngaard), 248 (Hunter and Beegun), 249 (Roberson and Barnes). In early January 2023, the defendant answered the amended complaints. Dkt. Nos. 250-252. The February 2, 2023 deadline came and went without the defendant identifying an expert witness or the plaintiffs amending their expert report (which they'd filed before consolidation and before the plaintiffs filed their amended complaints).

It soon became clear that the parties could not agree on a schedule for conducting discovery. The parties had discovery disputes throughout 2023—dkt. nos. 257, 262, 287—including a conflict over whether the plaintiffs could depose the defendant's general counsel, dkt. no. 281. The parties asked for multiple extensions of other deadlines the court had set in the scheduling order, including the deadline to file motions for collective and class certification. Dkt. Nos. 256, 286, 290. In August 2023, Judge Joseph held an extensive hearing on the parties' numerous disputes. Dkt. No. 287.

In October 2023, the parties stipulated to class certification. Dkt. Nos. 291–94. They mediated twice in late 2023—both times unsuccessfully—then, in a December 19, 2023 status report, asked for additional time to discuss resolution on their own. Dkt. No. 296. On December 20, 2024, the court issued

3

a text-only order giving the parties that time, requiring that by the end of February 2024 the parties must "file a joint report updating the court as to the status of the case and/or a proposed schedule with proposed dates for the completion of discovery and filing dispositive motions." Dkt. No. 297. When that deadline came, the parties again asked for an extension. Dkt. No. 299. The court granted that request and ordered again that by the end of the day on April 26, 2024, "the parties must file a joint report updating the court as to the status of the case and/or a proposed schedule with agreed dates for completion of discovery and filing dispositive motions." Dkt. No. 300.

On April 2, 2024—three weeks before that deadline and over a year after the original deadline this court had set for disclosing expert witnesses had passed—the defendant filed a motion to amend the scheduling order to extend the deadline by which to name an expert witness. Dkt. No. 301. While the motion was pending, the parties sought yet another extension of the dispositive motion deadline. Dkt. No. 306. The court denied that request to extend the dispositive motion deadline because "[t]his case has been pending for five years and it appears that the parties have yet to complete discovery. While the parties are more than welcome to continue their settlement negotiations, it is time for this case to move forward." Dkt. No. 307. The court referred to Judge Joseph the pending motion for a protective order prohibiting the plaintiffs from deposing the defendant's general counsel (Dkt. No. 281) and the pending motion to amend the scheduling order for the purpose of naming an expert witness (Dkt. No. 301). Id.

4

As best the court can tell from this tangled docket, Judge Joseph has yet to have the opportunity to set certain discovery deadlines.

## II.    **Defendant's Motion to Amend and Judge Joseph's Order**

### A.    Defendant's Motion (Dkt. No. 301)

The defendant's motion asked the court to "extend the deadline to name expert witnesses." Dkt. No. 301 at 1. The defendant filed its motion on April 2, 2024, over a year after the expert witness deadline the court had set in the October 20, 2022 scheduling order (Dkt. No. 242). The defendant recounted that since the date the court had set the expert witness deadline, the plaintiffs had filed three amended complaints and the defendant had answered them. Dkt. No. 301 at 2. It recounted that the plaintiffs had added new collective and class action claims, and it argued that "[d]espite these significant changes, the February 2023 expert witness deadline was not amended," and that the deadline had not been amended "at all" since being set in October 2022. Id.

The defendant told the court that in March 2023, the plaintiffs had filed discovery demands; it reminded the court that in April 2023, the court gave the parties additional time to move for certification and de-certification. Id. It reminded the court that in May and June 2023, the parties had filed motions to compel, and that the court had resolved those motions in June and August 2023. Id. It recounted that the court again had extended the deadlines for certification/de-certification in the fall of 2023 "to facilitate production of class and collective payroll records." Id. The defendant said that on August 15, 2023, it had produced to the plaintiffs "raw punch and payroll data for the 616

collective members"—it calculated that it had produced this data "over two years after Plaintiffs filed their expert report." Id. at 2-3. The defendant asserted that the plaintiffs didn't access the raw punch and payroll data until after the first mediation. Id. at 3.

The defendant recounted the fact that the court had given the parties a deadline of April 26, 2024 "to propose a schedule for completing discovery." Id. The defendant said that it understood "this proposed schedule to include *all* discovery deadlines, including expert and rebuttal deadlines, particularly since Plaintiff's expert report was filed in June 2021, prior to the operative complaints." Id. The defendant said, however, that the plaintiffs would not agree to re-setting expert witness deadlines. Id. The defendant recounted that between December 2023 and January 2024, and again at the end of March/early April of 2024, the plaintiffs refused to agree to re-set expert deadlines and said they would oppose the defendant's motion to do so. Id.

Citing Federal Rule of Civil Procedure 16(b)(4), the defendant argued that it has shown good cause for an extension. Id. It said that it worked to move the case toward trial, it had produced lots of discovery, it had agreed to the plaintiffs' demands to stipulate to class certification as a precondition to mediation and it had engaged in good-faith negotiations—through mediation and directly—to try to resolve the case. Id. at 4. Anticipating that the plaintiffs would argue that extending the deadline would cause delay, the defendant asserted that the plaintiffs did not access the raw punch and payroll data until December 2023, "so they would not have had a satisfactory background to

conduct expert discovery until recently." Id. The defendant reiterated that the plaintiffs have not revised their own expert witness report despite consolidation, the filing of amended complaints and the exchange of significant discovery, and argued that it should "have the benefit of seeing a revised expert report accounting for the entirety of the available data before submitting its rebuttal report." Id. The defendant argued that its motion was not untimely given the court's order that the parties file "a proposed schedule with proposed dates for completion of discovery;" the defendant apparently read that language as an invitation to the parties to re-set *all* discovery deadlines. Id. at 5 (citing Dkt. No. 297).

The defendant asserted that extending the expert witness deadline would help all parties and preserve judicial resources (by assisting the court and a jury in the form of expert testimony and analysis). Id. at 5. It said that its request to extend the deadline is not dilatory; "rather, it is in service of the Court's order that the Parties work together to agree on discovery deadlines." Id. It asserted that in refusing to stipulate to a new expert disclosure deadline, the plaintiffs were acting contrary to this court's order. Id.

B.    Plaintiffs' Opposition (Dkt. No. 304)

The plaintiffs began by recounting the length of time the litigation had taken and how long ago the court had issued the scheduling order. Dkt. No. 304 at 4-5. They disagreed that the amended complaints added new allegations or claims. Id. at 5. They noted that they had disclosed their expert witnesses by the deadline the court had set. Id. As for the defendant's argument that the

7

plaintiffs didn't have all the relevant discovery at the time they filed their expert witness disclosure, the plaintiffs argued that they'd included in the disclosure a reservation of rights to supplement the disclosure as necessary. Id. at 6. The document attached to the declaration of the plaintiffs' counsel—titled "Plaintiffs' Rule 26(a)(2)(B) Expert Disclosure"—states that the plaintiffs disclosed a report authored by one of their proposed experts at Dkt. No. 215. Dkt. No. 305-1 at 3.[1] The plaintiffs state that the defendant did not raise the issue of disclosing its own expert witness until March 2024, a year after the deadline. Dkt. No 304 at 6 (quoting Dkt. No. 302-1 at 2).

According to the plaintiffs, the "good cause" standard of Fed. R. Civ. P. 16 does not govern the defendant's motion to amend the scheduling order; they argue that it is Rule 26(a) which directly addresses the disclosure of expert witnesses. Id. at 6–7. The plaintiffs stated that Rule 26(a) requires an "automatic and mandatory exclusion of the proffered witness unless the failure was substantially justified or is harmless." Id. at 7 (quoting Novak v. Bd. of Trustees of S. Ill. Univ., 777 F.3d 966, 972 (7th Cir. 2015)).

The plaintiffs argued that the defendant's delay in disclosing its expert witness was not substantially jusetified because the defendant should have known of the necessity for an expert witness to analyze time punch and payroll data "as early as April 2022 when the parties filed their Joint 26(f) Conference Report," which gave the defendant nine months to identify an expert prior to

---

[1] Dkt. No. 215 is titled Expert Report of Ronald A. Bero, Jr., CPA/AV, CFF, dated June 29, 2021 and filed June 30, 2021. At that time, the court had not yet set a deadline for expert witness disclosure.

the February 2023 deadline. Id. at 7. They argued that by the February 2, 2023 expert witness disclosure deadline, the defendant would have been in a position to determine that an expert was necessary and to retain that expert. Id. They asserted that the defendant had made no effort to explain why it had not done either of those things, or why it waited until a year after the deadline had expired to seek extension of the deadline. Id. They observed that the defendant sought thirty days *after* the court ruled on the motion to disclose any expert, and askd why that would be necessary. Id.

As for the defendant's argument that the plaintiffs would not be prejudiced by an extension because discovery has not closed, the plaintiffs reiterated the length of time the litigation has taken; they say that the "inherently transient nature of Defendant's workforce together with the passage of time has already resulted in the inability to locate more than ten percent (10%) of the class members, *i.e.* over 2,500." Id. at 8. The plaintiffs also stated that in crafting their discovery, they have made "dozens of strategic decisions" based on their belief that the defendant would not present expert testimony, id. at 8, and they asserted that "[i]t cannot be known how many countless counter measures" they would have taken "in response to Defendant's expert witness disclosure," id. at 9. They expressed doubt whether any cases exist that are on fours with this procedural posture. Id. at 9.

C.    Defendant's Reply Brief (Dkt. No. 308)

The defendant replied that the plaintiffs had failed to articulate any specific prejudice they would suffer from amending the scheduling order at this

9

stage of the case. Dkt. No. 308 at 2. According to the defendant, the plaintiffs'
statement that they would have made different "strategic decisions" in
discovery, without identifying specific decisions, is legally insufficient evidence
of prejudice. Id. at 2. The defendant contrasted the procedural posture of the
Novak case—which, it argued, involved an attempt to call an undisclosed
expert witness at trial after having failed to timely disclose that expert—with
the procedural posture of this case, in which no deadline for completing
discovery has been set. Id. at 2-3. The defendant also pointed out that the
plaintiffs had heard a preview of the defendant's "expert-driven calculation" in
the time leading up to the mediation in December 2023, reducing the impact of
any alleged surprise. Id. at 3.

   The defendant argued that there is no evidence that the plaintiffs have
expended any resources in the absence of a defense expert, because the
plaintiffs have not updated their own expert report in light of additional data
disclosed by the defendant. Id. at 3. The defendant alleged that the plaintiffs'
statements that the time invested in witness interviews constituted "wasted
resources" was speculative, because it is unclear why an expert report would
influence those interviews. Id. at 3–4.

   The defendant reiterated that it has not unnecessarily delayed the case.
Id. at 4. The defendant maintained that it had disclosed to the plaintiff payroll
and time punch data for "hundreds" of individuals and asserted that any
delays in litigating the case are attributable to both parties. Id. at 4. For
example, the defendant contended that the plaintiffs refused to attend

mediation until the defendant stipulated to class certification, which delayed both discovery and mediation. Id. at 5. The defendant argued that until the failure of the second mediation attempt, it had been under the impression that the plaintiffs would re-set the expert discovery deadlines jointly under the court's direction that the parties jointly propose a schedule for the completion of discovery, and that it filed the instant motion only when it became clear that the plaintiffs would oppose re-setting the deadlines. Id. at 5 (citing Dkt. No. 297).

The defendant reiterated its assertion that expert testimony would assist the jury in its decision-making process at trial and asserted that the court had broad discretion to allow expert testimony to assist the jury in understanding the evidence. Id. at 6.

D.    Judge Joseph's Order (Dkt. No. 309)

On May 8, 2024, after a hearing, Judge Joseph granted the defendant's motion. Dkt. No. 309. Judge Joseph's order stated, in relevant part:

> Parties discuss Defendant's Motion to Amend Scheduling Order (ECF No. 301). Defendant stands by its written brief in argument for its motion. Defendant states that this case has had many stop-and-starts including agreements regarding discovery and settlement discussions. Defendant states Plaintiffs have not shown how this motion would be prejudicial. Plaintiffs stand by their written brief in opposition. Plaintiffs state the date for expert reports has passed and the Defendant should have been aware of the necessity of naming an expert. Plaintiffs state harm has been shown to the court and other parties involved in this case. Court finds that it would not be unduly prejudicial to Plaintiffs and that Defendant has shown good cause to request an extension of time to name an expert.
>
> **Defendant's Motion to Amend Scheduling Order (ECF No. 301) is GRANTED.**

Court discusses deadlines for Defendant naming expert and expert report with the parties. Court discusses deadlines for closing discovery and filing dispositive motions with the parties.

**Court ORDERED the following:**
**Defendant to name its expert witness one week from today.**
**Defendant to submit its expert report 15 days from today.**
**Discovery to be completed by October 15, 2024.**
**Dispositive Motions to be filed by November 15, 2024.**

## III.     Plaintiffs' Objections and Defendant's Responses

A.      Plaintiffs' Objections (Dkt. No. 310)

On May 21, the plaintiffs filed an objection to Judge Joseph's order under Fed. R. Civ. P. 72(a), arguing that she had applied the wrong standard when ruling on the defendant's motion to amend the scheduling order. Dkt. No. 310 at 2. The plaintiffs reiterate their belief that Rule 26(a) governs amendments to scheduling orders to extend expert identification deadlines, not the Rule 16 "good cause" standard. Id. at 3. The plaintiffs argue that Judge Joseph should have assessed whether the defendant's failure to timely disclose its expert was "substantially justified or is harmless." Id. at 3. They argue that the two standards are significantly different; they assert that the Rule 16 "good cause" standard is "more lenient." Id. at 3.

The plaintiffs maintain that under Rule 26(a), the defendant's late disclosure of its expert is "objectively unreasonable" given its pattern of behavior throughout the discovery process. Id. at 4. They say that the defendant's delayed disclosure will result in cumulative harm to them and that the cumulative effect of the defendant's conduct is "neither substantially justified nor harmless." Id. at 5. The plaintiffs maintain that had it not been for

12

the delay caused by the defendant in filing the motion, they would have been ready to file dispositive motions. Id. at 5.

B.    Defendant's Response (Dkt. No. 314)

The defendant responds that Judge Joseph properly applied Rule 16 because that rule governs amendments to scheduling orders. Dkt. No. 314 at 2–3. They assert that Rule 26(a) would have applied only if the defendant had sought to use an expert report without first seeking leave of court to amend the scheduling order. Id. at 3.

The defendant states that even if Rule 26(a) applied, the plaintiffs have not identified any specific prejudice that would result from admitting the expert report. Id. at 3. The defendant opines that the plaintiffs cannot argue surprise given the plaintiffs' counsel's extensive class and collective action experience, which should have led them to expect expert testimony in these types of cases. Id. at 3. It maintains that admitting the expert report would not disrupt trial because there is no trial date and discovery is ongoing. Id. at 4. The defendant states that it spent months trying to obtain the plaintiffs' consent to name its expert prior to filing its motion, asserting that this shows that there was no bad faith on its part. Id. at 4. As to the plaintiffs' arguments about the length of the discovery process and the amount of time the litigation has lingered, the defendant points to the plaintiffs' own delays and the two unsuccessful mediations that put the consolidated cases on hold. Id. at 4. The defendant reiterates that expert testimony will clarify the issue of damages and "will serve the interests of justice and judicial economy." Id. at 6.

13

C.    Plaintiffs' Reply (Dkt. No. 319)

The plaintiffs reiterate that they believe Judge Joseph should have assessed whether the defendant's failure to disclose its expert witness was substantially justified or harmless. Dkt. No. 319 at 2–3. They maintain that even if the Rule 16 good cause standard applied, the "primary inquiry" should be the "diligence of the party seeking the extension" and they contend that the defendant's behavior during discovery was anything but diligent. Id. at 3–4. The plaintiffs argue that the defendant has the burden to show that its untimely disclosure was not harmless or prejudicial, and that their prior briefs sufficiently alleged prejudice. Id. at 4–5. As to delay, the plaintiffs state that the fact that discovery has not yet closed is insufficient to establish a lack of disruption to and delay of the case. Id. at 5. The plaintiffs are not convinced that the defendant needs an expert to rebut their damages calculations, stating that the defendant can cross-examine the plaintiffs' expert. Id. at 6.

IV.   **Analysis**

Federal Rule of Civil Procedure 72(a) governs a district court's review of any non-dispositive orders issued by a magistrate judge. Fed. R. Civ. P. 72(a). A party must file written objections to the magistrate judge's order within fourteen days. Id. Upon a timely objection, the district court "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Id.; Hassebrock v. Bernhoft, 815 F.3d 334, 340 (7th Cir. 2016) (citing 28 U.S.C. §636(b)(1)(A)). "[M]agistrate and district courts enjoy extremely broad discretion in controlling discovery." Jones v. City of

14

Elkhart, Ind., 737 F.3d 1107, 1115 (7th Cir. 2013) (citations omitted). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." Weeks v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 943 (7th Cir. 1997).

On May 30, 2024—nine days after filing their objection and *twenty-two* days after Judge Joseph issued her order—the plaintiffs filed a "supplemental brief" in support of the objection. Dkt. No. 312. Rule 72(a) requires a party to file objections within *fourteen days*. It does not allow an objecting party to "supplement" the objection outside that fourteen-day period. The plaintiffs did not seek leave of court prior to filing this "supplemental brief." The court will not consider the "supplemental brief" because the plaintiffs did not comply with this court's local rules in filing it. See Civil Local Rule 7(i) (E.D. Wis.) (stating that any brief not authorized by the Federal Rules of Civil Procedure, the Local Rules or a court order "must be filed as an attachment to a motion requesting leave to file it"); Boustead v. Barancik, 151 F.R.D. 102, 106–07 (E.D. Wis. 1993) (finding that additional brief filed by the plaintiffs without seeking leave of court should be stricken).

A.    Applicable Rule

In the main, the plaintiffs object to the fact that Judge Joseph analyzed the defendant's motion under Rule 16(b)(4). They insist that once a party has failed to disclose an expert within the period specified in Rule 26(a)(2), the expert automatically is excluded unless the tardy party can show that its

15

failure to timely disclose was substantially justified or harmless. They argue that Judge Joseph committed clear error in using the Rule 16 "good cause" standard to decide the motion, rather than determining whether the defendant's failure to timely disclose was "substantially justified or harmless."

The default rule governing extensions of time is Fed. R. Civ. P. 6(b). Under Rule 6(b), the court may, for "good cause," extend a deadline to act prior to the expiration of that deadline. Fed. R. Civ. P. 6(b)(1)(A). If the deadline to act already has passed, the moving party must demonstrate *both* good cause and that the movant "failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "'[G]ood cause' imposes a more difficult standard than 'excusable neglect' because the former 'implies justification rather than excuse (negligence can be excused but not justified).'" <u>Bowman v. Korte</u>, 962 F.3d 995, 998 (7th Cir. 2020) (quoting <u>CFTC v. Lake Shore Asset Mgmt. Ltd.</u>, 646 F.3d 401, 404 (7th Cir. 2011)). Neither party has mentioned Rule 6(b), so the *plaintiffs* have forfeited any argument that the defendant has failed to show both good cause and excusable neglect under Rule 6(b).

Rule 16(b) governs scheduling. Rule 16(b)(1) requires the court to issue a scheduling order. The rule doesn't mention experts in the lists of things courts must or may include in scheduling orders, but Rule 16(b)(3)(B)(vii) allows a court to include in a scheduling order "other appropriate matters." Presumably expert witness disclosure deadlines are "other appropriate matters." Once the court has issued a scheduling order, parties may modify that order "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The

defendant bases its motion on Rule 16; it titled its motion "Defendant's Motion to Amend Scheduling Order," dkt. no. 301 at 1, cited Rule 16(b)(4), id. at 3, and argued that good cause existed to modify the scheduling order.

Rule 26(a)(2)(D) dictates the time for making expert witness disclosures. When a court has set an expert disclosure deadline, a party must disclose its expert witness "at the times and in the sequence that the court orders." Id. The enforcement mechanism for a violation of Rule 26(a) is Rule 37(c)(1), which says that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."

B.    Analysis

Judge Joseph was correct in declining to apply a "substantially justified or harmless" standard in analyzing the defendant's motion. A Rule 37(c)(1) bar is a sanction, an incentive to ensure that parties make full disclosure of witnesses and information. Salgado v. Salgado v. General Motors Corp., 150 F.3d 735, 741 n.6 (7th Cir.1998). A Rule 37(c)(1) bar of a witness comes into play only if a party fails to provide information or identify witnesses "as required by Rule 26(a)." Rule 26(a) allows the *court* to set deadlines for disclosing expert witnesses. This court did that by setting the deadline in its October 2022 Rule 16 scheduling order. Rule 16(b)(4) allows a party to modify a Rule 16 scheduling order "for good cause and with leave of court." The

17

defendant is now seeking leave of court and has argued that it has good cause to seek a modification of the scheduling order.

As the defendant points out, the combination of Rule 26(a)(2)(D), the court's scheduling order and Rule 37(c)(1) would have barred it from calling an expert witness at trial had it attempted to call that expert without first moving to amend the scheduling order. That was the situation in the <u>Novak</u> case cited by the plaintiffs—the plaintiff failed to disclose his expert witness by the deadline in the Rule 16 scheduling order, did *not* seek an extension of that deadline and then objected to the defendant's motion to preclude him from using expert witnesses at summary judgment. <u>Novak</u>, 777 F.3d at 971-972. The plaintiff in <u>Novak</u> revealed the identity of his expert witnesses eleven days before the deadline for filing dispositive motions; the magistrate excluded the expert witness reports from the summary judgment briefing. <u>Id.</u> at 971.

But in this case, until Judge Joseph's ruling on May 8, 2024, there was *no* discovery deadline or dispositive motion deadline. Nor is there a trial date— to the court's dismay, this case has been pending for years and still is in the *discovery* stage due to the parties' inability to cooperate with each other. There remains an opportunity for the defendant to disclose its expert and expert witness report. There even remains the opportunity for the plaintiffs to update their report, should they choose to do so.

Judge Joseph did not commit clear error in analyzing the defendant's motion under Rule 16(b).

The parties didn't spend much time arguing about whether the defendant had stated good cause under Rule 16. The plaintiffs correctly point out, however, that "[i]n making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking the amendment." <u>Alioto v. Town of Lisbon</u>, 661 F.3d 715, 720 (7th Cir. 2011) (citations omitted). The timeline raises some questions about the defendant's diligence. The court consolidated the three cases before it issuing the scheduling order. While the defendant is correct that the plaintiffs amended their complaints only forty-five days before the February 2, 2023 expert witness disclosure deadline, it does not explain why it could not seek an extension of the deadline within that forty-five days. It asserts that between December 2023 and the spring of 2024, it tried more than once to get the plaintiffs to agree to an extension. But it does not explain why it did not make those efforts in the ten months prior.

The defendant also read this court's *very* brief, text-only orders from December 20, 2023 (Dkt. No. 297) and February 27, 2024 (Dkt. No. 300) as invitations to re-negotiate *all* discovery deadlines—not only those that had not yet been set, but those that the court previously had set. That was, to be generous, a broad reading of those orders. The court ordered the parties to file "a proposed schedule for completing discovery and filing dispositive motions." It made no mention of expert witnesses, or the deadline for disclosing expert witnesses. Arguably "discovery" might include expert discovery, but rather than assuming that that was what the court meant, the defendant could have

19

enquired (just like it could have filed a motion to modify the deadline for disclosing expert witnesses before that deadline expired).

All that said, the court is not left with the definite and firm conviction that a mistake has been made. Had Judge Joseph applied the standard the plaintiffs insist she should have applied, the court suspects that she still would have granted the defendant's motion. Though the plaintiffs contend that they will be prejudiced by further delay because delay will make it more difficult for them to locate class members, they ignore the fact that they, too, have requested multiple extensions of deadlines. The plaintiffs cannot blame the defendant for delays of both parties' making that existed independently of the defendant's motion to amend.

The plaintiffs also assert that they made "dozens of strategic decisions" in discovery based on the lack of an expert witness designation by the defendant. But they have not identified specific decisions that they would have made had the defendant identified an expert earlier, so the court cannot determine what prejudice, if any, the plaintiffs may have suffered. The plaintiffs admit in their reply brief that "Consolidated Plaintiffs' Counsel is not surprised by Defendant's desire to present opinion testimony pursuant to Fed. R. Evid. 702, 702, and 705." Dkt. No. 319 at 5 n.4. The defendant also suggests that the plaintiffs were aware of its desire to introduce expert witness testimony as early as the December 2023 mediation. Dkt. No. 301 at 3, 5–6. The court is not persuaded that the plaintiffs would suffer significant prejudice or surprise from the defendant's late designation of an expert witness.

The court already has explained that the discovery period remains open. The plaintiffs will be able to depose the defendant's expert prior to the close of discovery and dispositive motions. The plaintiffs' own expert has sufficient time to submit a rebuttal report, if the plaintiffs request it. If there is any prejudice to the plaintiffs, it is curable. No trial date has been set, so late disclosure of the expert would not disrupt trial. The record contains no evidence that the defendant acted in bad faith. The defendant states it believed that the plaintiffs would stipulate to an extension of the expert witness deadlines, and that it tried to obtain that stipulation for months prior to filing its motion. Although the fact that the defendant filed its motion over a year after the deadline for expert witness disclosure is significant, there is no evidence that the defendant delayed the filing in bad faith to gain a tactical advantage over the plaintiffs.

Despite the defendant's lack of a compelling explanation of its delay, the court must conclude that Judge Joseph did not commit clear error in granting the defendant's motion.

## V. Final Thoughts

The plaintiffs' objections to Judge Joseph's order were fully briefed as of June 14, 2024. The court is issuing this ruling two and a half months later. In the meantime, Judge Joseph has struggled heroically to address the parties' constant discovery disputes. In recent hearings on August 20 and 21, the defendant appears to have pushed back on Judge Joseph's attempts to resolve a dispute by arguing that it was waiting for this court's ruling on the plaintiffs' objection. Dkt. Nos. 333, 334.

This court's delay in ruling on the plaintiffs' objection was not the result of a struggle on the court's part to resolve the plaintiffs' (unfounded) objection. It is the result of a what one might call a "glitch" in the electronic case management system. The court referred this case to Judge Joseph for discovery purposes; because the electronic case management system "thought" that the case was assigned to Judge Joseph, the plaintiffs' objection did not appear on the undersigned's motions report. Once the court learned that there was a pending objection to one of Judge Joseph's rulings, it prepared this order within days.

Judge Joseph has gone above and beyond in attempting to move this litigation forward, as the court asked her to do. She has been thwarted by the parties' inability to cooperate with each other. She did not commit error here— clear or otherwise. It is *long* past time for the parties to stop their constant squabbling and *get on with this case.* Enough is enough.

## VI. Conclusion

The court **OVERRULES** the plaintiffs' objection to Judge Joseph's order granting the defendant's motion to amend the scheduling order. Dkt. No. 310.

The court **AFFIRMS** Judge Joseph's order granting the defendant's motion to amend the scheduling order on the grounds stated above. Dkt. No. 309.

The court **ORDERS** that if the defendant has not done so already, it must name its expert witness one week from the date of this order.

22

The court **ORDERS** that if the defendant has not done so already, it must submit its expert report fifteen days from the date of this order.

The court **AFFIRMS** Judge Joseph's order that the parties must complete discovery by October 15, 2024 and must file dispositive motions by November 15, 2024.

Dated in Milwaukee, Wisconsin this 6th day of September, 2024.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**