UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JESSE WYNGAARD,
       Plaintiff,

v.　　　　　　　　　　　　　　　　　　Case No. 19-cv-493-pp

WOODMAN'S FOOD MARKET, INC.,
       Defendant.

---

MARY HUNTER,
and JACKLYN BEEGUN,
       Plaintiffs,

v.　　　　　　　　　　　　　　　　　　Case No. 21-cv-94

WOODMAN'S FOOD MARKET, INC.,
       Defendant

---

TERRY ROBERTSON,
and RAY BARNES,
       Plaintiffs,

v.　　　　　　　　　　　　　　　　　　Case No. 22-cv-207

WOODMAN'S FOOD MARKET, INC.,
       Defendant

---

**ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE EXCESS PAGES (DKT. NO. 343) AND ORDERING PLAINTIFFS TO FILE AMENDED SUMMARY JUDGMENT MATERIALS**

---

At 10:34 p.m. on November 15, 2024—the deadline the court had set in the scheduling order in this consolidated case for filing dispositive motions—the plaintiffs filed a Rule 7(h) expedited, non-dispositive motion for leave to exceed the page limits for summary judgment briefs set in Civil Local Rule

1

56(b)(8) (E.D. Wis.) and to exceed the limit of proposed statements of fact in support of a motion for summary judgment set in Civil L.R. 56(b)(1)(C). Dkt. No. 343 at 2. At 10:35 p.m. on November 15, 2024—one minute later—the plaintiffs filed a motion for partial summary judgment, dkt. no. 344, a brief in support, dkt. no. 345, and proposed findings of fact, dkt. no. 346. The brief is fifty pages long (excluding the caption and signature block), exceeding by twenty pages the limit set in Civil L.R. 56(b)(8). Dkt. No. 345. The plaintiffs' proposed findings of fact in support of their motion include 247 separately numbered statements of fact, exceeding by ninety-seven facts the limit set in Civil L.R. 56(b)(1)(C). Dkt. No. 346. The defendant opposes the plaintiffs' motion for leave to file excess pages. Dkt. No. 377.

The court will deny the plaintiffs' motion and order the plaintiffs to submit amended materials in support of their motion for partial summary judgment that comply with the local rules.

## I.     Motion for Leave to Exceed Motion Limits (Dkt. No. 343)

The plaintiffs contend that they made "every effort" to comply with the limits set by the local rules, but that they were unable to do so due to the "complexity and scope of these three (3) consolidated actions." Dkt. No. 343 at ¶4. The plaintiffs assert that the consolidated case involves "five (5) named plaintiffs, 739 opt-in plaintiffs, five (5) subclasses with approximately 25,000 subclass members, and twenty (20) causes of action" including violations of the Fair Labor Standards Act and Wisconsin and Illinois state law, necessitating additional pages and facts. Id. at ¶3. They argue that there will be no prejudice

2

to the defendant because their materials are "considerably more concise" than they would have been if the cases had not been consolidated at the defendant's request. Id. at ¶6.

The defendant responds that the plaintiffs violated the local rules because they did not obtain leave of court to exceed the limits set in the rules before filing their brief and proposed findings of fact. Dkt. No. 377 at 2. The defendant argues that even if the plaintiffs had sought leave in advance of filing, they have not demonstrated a justification for exceeding the limits set in the local rules. Id. at 3. According to the defendant, consolidation does not warrant exceeding the local rules' limits because the plaintiffs agreed in the joint motion for consolidation that "common facts and legal theories preside over all individuals" in the cases. Id. The defendant points out that the plaintiffs' brief consists of only three legal arguments and includes unnecessary citations and lengthy footnotes. Id. As to the statement of facts, the defendant argues that the plaintiffs did not seek to stipulate to any facts, which would have reduced the number of proposed findings of fact. Id.

The defendant contends that allowing the additional materials would prejudice it. Id. It argues that it complied with the local rules when filing its own motion for summary judgment, which covered the same legal arguments as the plaintiffs' brief. Id. The defendant argues that the plaintiffs "completely ignored" the local rules to create "unnecessary work" for the defendant. Id. The defendant asks the court to deny the plaintiffs' motion for summary judgment or to require the plaintiffs to file compliant materials. Id.

3

## II. Analysis

The plaintiffs' brief and proposed statement of facts were improperly filed. The local rules limit principal briefs in support of summary judgment motions to thirty pages and proposed statements of fact to 150 separately numbered facts. Civil L.R. 56(b)(8)(A), 56(b)(1)(C)(ii). Rule 56(b)(8)(B) states that "[n]o memorandum exceeding the page limitations may be filed unless the Court *previously* has granted leave." (Emphasis the court's). Rule 56(b)(7) states that "[a] party may not file any proposed statements of material fact or statements of additional fact in excess of the limit set forth in this rule unless the Court *previously* has granted leave upon a showing that an increase is warranted." (Emphasis the court's). Although the plaintiffs filed a motion seeking leave to exceed the local rules' limits, they did not *obtain* that leave before filing noncompliant materials.

The plaintiffs are aware that leave of court is required before filing excess pages. The plaintiffs previously sought leave to file an oversized brief in support of a motion for class certification. Dkt. No. 67. In that instance, the plaintiffs did not file the noncompliant brief without waiting for the court to grant leave to do so.

The court assumes that the plaintiffs likely filed their materials without waiting for leave because they were rushing to meet the dispositive motion deadline. But the court set the deadline for filing dispositive motions on May 8, 2024—six months ago. Dkt. No. 309. Discovery closed on October 15, 2024. Id. The plaintiffs had ample time to seek leave of court to file materials exceeding

4

the limits set in the local rules, yet they did not do so until 10:30 p.m. the day of the deadline.

The court is not convinced that the plaintiffs have shown an increase of the page and fact limits in the local rules is warranted. The plaintiffs' only argument in support of the request for additional pages and findings of fact is that the complexity of the issues in the consolidated cases requires additional space to address. Dkt. No. 343 at ¶4. But the plaintiffs represented in their joint motion to consolidate that the three cases "assert common claims based on identical theories, pleaded using the same facts, which will present the same or similar legal and factual questions." Dkt. No. 232 at 3. It is unclear why the plaintiffs need additional pages and facts simply because there are three consolidated cases at issue when they concede that those three cases are based on "identical theories" with the "same facts" and hinge on the "same or similar legal and factual questions."

A review of the plaintiffs' materials does not shed any light on why they needed the excess pages. The plaintiffs' legal arguments—which do not begin until page 22 of the brief—address (1) the defendant's alleged failure to include non-discretionary bonuses in employees' regular rate of pay for overtime calculations; (2) the defendant's alleged timeclock rounding practice; and (3) the defendant's alleged failure to compensate Wisconsin employees for meal periods and rest breaks. Dkt. No. 345 at 22–51. The defendant's own motion for summary judgment addresses those same three issues in half the pages. See Dkt. No. 341 at 10–23. Several pages of the plaintiffs' brief are dedicated to

5

California law (which is not at issue in this case), immaterial facts, duplicative screenshots of material that already is in the record and extensive footnotes and block quotes (including one instance of a block quote *within* a block quote).

Page limits exist for a reason:

> The page limit is designed as much for the benefit of the litigants as for the benefit of the court. If extra pages mean stronger argument, enforcement of the page limit protects those who obey the rules. But extra pages may not be stronger argument. A limitation induces the advocate to write tight prose, which helps his client's cause.

Morgan v. S. Bend Cmty. Sch. Corp., 797 F.2d 471, 480 (7th Cir. 1986). In this case, the court is doubtful that extra pages mean stronger argument, and in any event, the plaintiffs have not shown that extra pages are warranted.

For similar reasons, the court does not believe that excess statements of fact are warranted. The plaintiffs' proposed statement of material facts includes many facts that are immaterial. It is unclear why facts such as the defendant's store layout or store departments are material to the resolution of the plaintiffs' wage and hour claims. Dkt. No. 346 at ¶¶6–7. If such basic background facts are necessary to their motion, the plaintiffs could have made an effort to stipulate to them. Civil L.R. 56(b)(5) ("Facts so stipulated will not count against any party's allotment of proposed facts."). There are other deficiencies in the statement of facts. The plaintiffs seem to take the instruction that there should only be one fact per paragraph to the extreme. For example, the plaintiffs break up the "primary job duties" of multiple job titles into separately numbered paragraphs. Dkt. No. 346 at ¶¶11–16. And several facts are supported only by citations to the complaint and answer rather than evidence in the record. Id. at

6

¶¶65–74, 77–86. The lack of a valid justification for exceeding the fact limits, combined with the deficiencies in the statement of facts itself, shows that extra facts are unwarranted.

"Enforcing page limits and other restrictions on litigants is rather ordinary practice," Watts v. Thompson, 116 F.3d 220, 224 (7th Cir. 1997), and in particular, "district courts may enforce their local rules on how the summary-judgment process is structured," Olivet Baptist Church v. Church Mut. Ins. Co., 672 F. App'x 607, 607 (7th Cir. 2017). Because the plaintiffs have not shown that excess pages and facts are warranted, the court will deny the plaintiffs' request for leave to exceed the limits set in the Local Rules.

### III. Conclusion

The court **DENIES** the plaintiffs' Civil Local Rule 7(h) expedited, non-dispositive motion for leave to exceed the page and fact limits set in the Local Rules. Dkt. No. 343.

The court **ORDERS** that by no later than the end of the day on **December 13, 2024**, the plaintiffs must file an amended brief in support of their partial summary judgment motion that complies with the page limits in Civil L.R. 56(b)(8), along with an amended Statement of Proposed Material Facts that complies with Civil L.R. 56(b)(1)(C). The court encourages the parties to stipulate to facts. Stipulated facts will not count against either party's allotment of proposed facts.

The court **ORDERS** that the defendant must file its materials in opposition to the plaintiffs' motion for summary judgment no later than **thirty**

7

**(30) days** after the plaintiffs file their amended materials in support of the motion. The plaintiffs must file their reply materials, if any, within **fourteen (14) days** of the defendant's opposition materials.

Dated in Milwaukee, Wisconsin this 27th day of November, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**