UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

JESSE WYNGAARD,
on behalf of himself and
all others similarly situated,   Case No. 19-CV-0493

    Plaintiff,

    v.

WOODMAN'S FOOD MARKET, INC.

    Defendant.

---

MARY HUNTER and
JACLYN BEEGUN
on behalf of themselves and
all others similarly situated,   Case No. 21-CV-0094

    Plaintiffs,

    v.

WOODMAN'S FOOD MARKET, INC.

    Defendant.

---

TERRY ROBERTSON and
RAY BARNES,
on behalf of themselves and
all others similarly situated,   Case No. 22-CV-0207

    Plaintiffs,

    v.

WOODMAN'S FOOD MARKET, INC.

    Defendant.

# AMENDED NOTICE OF SUPPLEMENTAL AUTHORITY

NOW COMES Consolidated Plaintiffs, Jesse Wyngaard, Mary Hunter, Jaclyn Beegun, Terry Robertson, and Ray Barnes, on behalf of themselves and all others similarly situated, by and through their attorneys, Walcheske & Luzi, LLC, and as and for their *Amended Notice of Supplemental Authority,* hereby submit notice of the *Decision* of the District I Court of Appeals for the State of Wisconsin in *Freeman v. SL Greenfield, LLC,* 416 Wis. 2d 388 (Ct. App. 2025), *cert. denied* (2026)[1] attached as **Exhibit 1**.

In pertinent part, the District I Court of Appeals for the State of Wisconsin held as follows:

> SL Greenfield argues that WIS. ADMIN. CODE § DWD 274.02(3) defeats commonality because an "on-duty meal period" is defined as "a meal period where the employer does not provide at least 30 minutes free from work." In other words, SL Greenfield says, "the compensability of a meal period depends on the amount of time that the employer *provides*, not on the amount of time that the employee chooses to *take*[,]" and "[w]hether meal periods shorter than 30 minutes are compensable depends, then, on whether: (1) the employer *required* the employee to resume work sooner than 30 minutes; or (2) the employee *voluntarily* returned to work before the allotted 30-minute meal period was over."
>
> However, as Freeman points out, SL Greenfield focuses on the wrong administrative rule and, therefore, the wrong type of meal period at issue in this case. Put another way, the claim *is not* that Freeman should be compensated for "on-duty meal periods" under WIS. ADMIN. CODE § DWD 274.02(3), but rather, that SL Greenfield violated WIS. ADMIN. CODE § DWD 272.12(2)(c) by failing to pay employees for periods of time that Freeman contends *are not* bona fide meal periods under § DWD 272.12(2)(c)2, and are instead compensable rest periods under § DWD 272.12(2)(c)1. Indeed, the plain language of § DWD 272.12(2)(c) set forth above creates a bright-line rule: a break running

---

[1] On May 28, 2025, subsequent to Consolidated Plaintiffs' original filing, the Wisconsin Court of Appeals ordered its decision in *Freeman* to be published. Attached as **Exhibit 2** is a copy of said order. Further, on February 12, 2026, the Wisconsin Court of Appeals denied *certiorari* review of the same. Attached as **Exhibit 3** is a copy of said order.

fewer than thirty consecutive minutes in duration cannot, by definition, be a bona fide meal period.

An "on-duty meal period" under WIS. ADMIN. CODE § DWD 274.02(3), on the other hand, provides:

> The employer shall pay all employees for on-duty meal periods, which are to be counted as work time. An on-duty meal period is a meal period where the employer does not provide at least 30 minutes free from work. Any meal period where the employee is not free to leave the premises of the employer will also be considered an on-duty meal period.

SL Greenfield erroneously concludes that because a compensable "on-duty meal period" is one where an employer "does not provide at least 30 minutes free from work," then a non-compensable "off-duty meal period" is one where an employer "provides at least 30 minutes free from work," but that is not what § DWD 274.02(3) says, and it flatly ignores that the definition of a "bona fide meal period" under WIS. ADMIN. CODE § DWD 272.12(2)(c)2 lacks the "does not provide" language at the crux of SL Greenfield's argument.

***

We are satisfied that the remand court, adopting the interpretation of the administrative rules proposed by Freeman and as affirmed in this decision, constitutes a "proper legal standard."

(Ex. 1, ¶¶ 20-27) (emphasis original.)

*Freeman* pertains to the parties' outstanding cross-motions for partial summary judgment regarding Defendant, Woodman's Food Market, Inc.'s, liability as to the WWPCL Meal Period subclass with respect to Plaintiffs Wyngaard and Hunter's First and Fourth Claims for Relief and the applicability of *Wirth v. RLJ Dental, S.C.*, 59 F.4th 270 (7th Cir. 2023) to said claims as addressed by the parties in their various filings, *i.e.*: ECF. No. 341, Sec. I; ECF No. 380, Sec. III; ECF No. 382, Sec. II(c); ECF No. 385, Sec. II; ECF No. 388, Sec. VI; ECF No. 389, Sec. III.

In short, given the now published decision of the Wisconsin Court of Appeals and the Wisconsin Supreme Court's recent refusal to grant *certiorari*, this Court should not regard *Wirth* as binding precedent because *Freeman* reflects a clear rebuke of the Seventh Circuit's interpretation of Wisconsin law. *See e.g., West v. American Tel. & Tel. Co.,* 311 U.S. 223 (1940).

> A state is not without law save as its highest court has declared it. There are many rules of decision commonly accepted and acted upon by the bar and inferior courts which are nevertheless laws of the state although the highest court of the state has never passed upon them. In those circumstances a federal court is not free to reject the state rule merely because it has not received the sanction of the highest state court, even though it thinks the rule is unsound in principle or that another is preferable. State law is to be applied in the federal as well as the state courts and it is the duty of the former in every case to ascertain from all the available data what the state law is and apply….
>
> Where an intermediate appellate state court rests its considered judgment upon the rule of law which it announces, that is a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise. This is the more so where, as in this case, the highest court has refused to review the lower court's decision rendered….

*West v. Am. Tel. & Tel. Co.,* 311 U.S. 223, 236–38 (1940) (internal citations omitted).

Dated this 16th day of February, 2026

                        WALCHESKE & LUZI, LLC
                        Counsel for Consolidated Plaintiffs

                        **s/ *David M. Potteiger***
                        James A. Walcheske, State Bar No. 1065635
                        Scott S. Luzi, State Bar No. 1067405
                        David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-mail: jwalcheske@walcheskeluzi.com
E-mail: sluzi@walcheskeluzi.com
E-mail: dpotteiger@walcheskeluzi.com