# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN
### MILWAUKEE DIVISION

---

JESSE WYNGAARD,
on behalf of himself and
all others similarly situated,                    Case No. 19-CV-0493

      Plaintiff,

      v.

WOODMAN'S FOOD MARKET, INC.

      Defendant.

---

MARY HUNTER and
JACLYN BEEGUN
on behalf of themselves and
all others similarly situated,                    Case No. 21-CV-0094

      Plaintiffs,

      v.

WOODMAN'S FOOD MARKET, INC.

      Defendant.

---

TERRY ROBERTSON and
RAY BARNES,
on behalf of themselves and
all others similarly situated,                    Case No. 22-CV-0207

      Plaintiffs,

      v.

WOODMAN'S FOOD MARKET, INC.

      Defendant.

## NOTICE OF SUPPLEMENTAL AUTHORITY

NOW COMES Consolidated Plaintiffs, Jesse Wyngaard, Mary Hunter, Jaclyn Beegun, Terry Robertson, and Ray Barnes, on behalf of themselves and all others similarly situated, by and through their attorneys, Walcheske & Luzi, LLC, and as and for their *Notice of Supplemental Authority,* hereby submit notice of the *Opinion* of the Seventh Circuit Court of Appeals in *Johnson v. Amazon.com Servs. LLC,* No. 24-1028, 2026 WL 1657206 (7th Cir. June 9, 2026) attached as **Exhibit 1**.

The Seventh Circuit reiterated the Illinois Supreme Court's interpretation of the IMWL, stating:

> [T]here is no reference to the PPA or USDOL regulations that establish a preliminary or postliminary exclusion from "hours worked." To the contrary, IDOL defines "hours worked" to include all time an employee is required to be on the employer's premises, which contradicts the potential applicability of any such exclusion.

*Id.* at * 2 (citing Johnson, 2026 IL 132016, ¶ 16, ___ Ill. Dec. ___, (IL, Mar. 19, 2026).)

The Seventh Circuit further held that "the plain text of section 4a(1) of the IMWL, as well as the relevant IDOL regulations, demonstrate that section 4a(1) does not include the 'benefit of the employer' test." *Johnson v. Amazon.com Servs. LLC*, No. 24-1028, 2026 WL 1657206, at *5 (7th Cir. June 9, 2026).

*Johnson* pertains to the parties' outstanding cross-motions for partial summary judgment regarding Defendant, Woodman's Food Market, Inc.'s, liability as to the IWPCA Timeshaving Subclass and IMWL Timeshaving Subclass with respect to Plaintiff Beegun's Seventh and Eighth Claims for Relief (ECF No. 248) and Plaintiffs Robertson and Barnes' Third and Fourth Claims for Relief (ECF No. 249) brought pursuant to the Illinois' Minimum Wage Law, 820 ILCS 105/12, *et*

2

*seq.* ("IMWL) and Illinois' Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.*. ILL. ADMIN. CODE 300, *et seq.* ("IWPCA"). Specifically, *Johnson* pertains to the interpretation of the phrase "hours worked" under the IMWL and IWPCA as addressed by the parties in their various filings, *i.e.*: ECF. No. 341, Sec. I-II; ECF No. 380, Sec. II(B); ECF No. 382, Sec. II(a)-(b); ECF No. 385, Sec. II; ECF No. 388, Sec. V; ECF No. 389, Sec. II(D).

Dated this 10th  day of June, 2026

WALCHESKE & LUZI, LLC
Counsel for Consolidated Plaintiffs

**s/ *David M. Potteiger***
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405
David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
1200 N. Mayfair Road, Suite 270
Wauwatosa, WI 53226
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-mail: jwalcheske@walcheskeluzi.com
E-mail: sluzi@walcheskeluzi.com
E-mail: dpotteiger@walcheskeluzi.com